**In re Linn PIERSON and Gloria Pierson, Debtors.**

**STATE OF MINNESOTA, COUNTY OF DAKOTA, Plaintiff,**

v.

**Linn Dale PIERSON, Individually and d/b/a Family Floor Fashions, Inc., Defendant.**

**Bankruptcy No. 3–81–01511.
Adv. No. 81–0367.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Feb. 24, 1982.

Mark J. Ponsolle, Hastings, Minn., for Dakota County Atty.

Gary D. Pihlstrom of Gustafson & Adams, Edina, Minn., for defendant.

### MEMORANDUM ORDER

JACOB DIM, Bankruptcy Judge.

The above entitled bankruptcy case was commenced on August 17, 1981 by the debtors filing a voluntary petition under 11 U.S.C. § 306. Notice of First Meeting was mailed to all scheduled creditors on August 18, 1981. The notice stated that the last day to file complaints to determine the dischargeability of debts was November 17, 1981. Additional notices were sent to creditors added by amendment on September 1, 2, 14, 17, 18, 24.

The plaintiff, State of Minnesota, as represented by the County of Dakota, filed a complaint to determine the dischargeability of certain debts on November 3, 1981. The complaint, as amended, alleges that the plaintiff had filed three criminal complaints against the defendant. One complaint charges the defendant with theft by false representation-aggregated and theft by swindle—aggregated in the total amount of $12,768.42. The other two complaints charge the defendant with nonpayment for improvements made to real estate in the total amount of $2,878.33. The complaint alleges that these acts of the defendant, if proven, constitute the obtaining of money by false pretenses contrary to 11 U.S.C. § 523(a)(2)(A).

On December 3, 1981, the defendant filed an answer which alleged that the plaintiff was not a creditor who could bring the action and that the plaintiff lacked standing to bring the action.

A pretrial was held on December 14, 1981 before the Honorable Jacob Dim, Bankruptcy Judge. The Court took under advisement this issue of standing and plaintiff's right to bring the action. Briefs were submitted by both parties.

11 U.S.C. § 523(c) provides:

"(c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) or subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

Rule 409(a)(2) of the Rules of Bankruptcy Procedure, as made applicable through Rule 4003 of the Interim Bankruptcy Rules adopted locally, sets the time for filing a complaint to determine dischargeability as not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors.

■ 11 U.S.C. § 523(c) clearly and unambiguously requires that the "creditor to whom such debt is owed" seek a determination of dischargeability. The plaintiff cannot and does not claim to be the creditor to whom the debts are owed. By statute, the plaintiff is barred from commencing this action.

■ The plaintiff suggests that, pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, rather than dismissing the complaint, there be allowed a reasonable time for the creditors to whom the debts are owed to be substituted. The rules governing dischargeability are narrowly construed in order to give effect to the purpose of the Bankruptcy Code which is to give the debtor a fresh start. Rule 409(a)(2) requires the complaint to be filed by the date specified. Every creditor got notice of the last day to file complaints to determine dischargeability. It is too late for any creditor to join in this action, and it is too late to substitute these parties, the statutory time having expired under the Bankruptcy Code. The complaint must be dismissed.

The plaintiff seeks a determination that the discharge of these debts would not bar the State from seeking restitution in a criminal proceeding. This Court will not decide this issue because the criminal trial has not been held, and thus no restitution has been ordered. To decide this issue now would be premature.

ACCORDINGLY, IT IS ORDERED that the complaint of the plaintiff, State of Minnesota, County of Dakota, is dismissed with prejudice.