In re TEXACO INC., Texaco Capital
Inc., Texaco Capital N.V., Debtors.

Rosemary Herold LAZARD, et
al., Movants,

v.

TEXACO INC., Respondent.

Bankruptcy Nos. 87 B 20142 (HS) to
87 B 20144 (HS).

United States Bankruptcy Court,
S.D. New York.

Jan. 25, 1988.

Weil, Gotshal & Manges, New York City, for Texaco.

Charles L. Black Aycock, Houston, Tex., for movants.

DECISION FOR CONSTRUCTION OF CONSENT ORDER, REQUEST FOR CLASS ACTION CERTIFICATION AND FOR RELIEF FROM THE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The movants, Rosemary Herold Lazard, et al., seek construction of a consent order signed by their attorney, Charles L. Black Aycock, Esq. and by the debtor, Texaco, Inc., governing the movants' ability to pursue pre-petition litigation in LaFourche Parish, Louisiana. The movants request additional relief either in the form of a class certification by the Bankruptcy Court or relief from the automatic stay to commence a class action on behalf of themselves and so-called absent class members.

## FACTS

1. On April 12, 1987, the debtor, Texaco Inc. and its two wholly owned financial subsidiaries, Texaco Capital Inc. and Texaco Capital N.V., filed with this court their separate petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code. Pursuant to an order issued by this court on that day, the cases were directed to be jointly administered in accordance with Bankruptcy Rule 1015(b).

2. Texaco Inc. is operating its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. Movants in this contested matter are twenty-six persons represented by Charles L. Black Aycock, Esq. ("Aycock"). Prior to the commencement of the debtors' chapter 11 case, the movants filed an action in the Texas courts for an alleged underpayment of royalties on natural gas carried in the Paradis Gas Gathering System.

4. Subsequent to the filing of the movants' motion in Texas, the debtors commenced ten separate actions in Louisiana, three of which were conducted in LaFourche Parish (the "LaFourche Parish Actions"), seeking declaratory judgments.

5. Upon the filing of these declaratory judgment actions, the Texas court abated the Texas case pending a determination in the LaFourche Parish suits as to whether the debtors incurred any liability.

6. By order dated July 10, 1987, this court established a procedure for Texaco's preservation of it oil and gas agreements and for all parties to those agreements to protect their interests ("Procedure Order").

7. This Procedure Order entitled the debtor to inform a party to an oil and gas agreement with the debtor as to whether the agreement would be assumed or rejected by the debtor pursuant to 11 U.S.C. § 365. Upon notice of assumption or rejection the party is entitled to file objections and appear at a hearing conducted in this court.

8. In June and July of 1987, Lazard objected to the debtors' procedure for preserving its 55,000 oil and gas leases. The movants also sought relief from the automatic stay and interposed due process objections.

9. On July 29, 1987, and continuing with four supplements and amendments, the movants renewed their request for relief from the automatic stay and requested the bankruptcy court to vacate the Procedure Order dated July 10, 1987.

10. On September 28, 1987, the Debtors and the movants entered into a Consent Order, signed by this court. As a result, the movants' motion for relief from the automatic stay was withdrawn.

11. The Consent Order, by its terms, was fashioned in a manner in which the LaFourche Parish actions, which are *sub judice*, could be continued for the purpose of determining the debtors' liability, if any.

12. On October 27, 1987, Aycock appeared in the 17th Judicial District Court in Thibodaux, Louisiana, allegedly to inform the court of the danger that claims of class members of the Texas Case may be barred by a bar date or confirmed chapter 11 plan, because of their inability to file their proofs of claim due to lack of knowledge of the class on their behalf. Aycock said that movants were contemplating commencing motions in the Lafourche Parish actions to seek permission to assert claims as class representatives on behalf of the "Absent

Class Members", pursuant to the Consent Order.

13. The debtors thereafter advised Aycock that he would be violating the automatic stay by pursuing a class certification in the state courts and that they would seek sanctions against Aycock and his clients.

14. On December 16, 1987, Aycock and Lazard brought this motion to obtain a construction of the Consent Order and for relief from the automatic stay. A hearing was held on January 19, 1988.

## DISCUSSION

Aycock, on behalf of the movants, asserts that the construction of the Consent Order contemplates that he may pursue a class certification action with respect to the LaFourche Parish Actions, which are *sub judice*. However, if the Consent Order precludes such class certification action, then Aycock argues, alternatively, that the Bankruptcy Court grant a class certification or that he should be entitled to relief from the automatic stay to seek certification in the Louisiana courts.

Aycock further contends that if he is prohibited from pursuing and acquiring a class certification, which would give appropriate and meaningful notice to the "Absent Class Members" of their claims, they will be deprived of certain constitutional rights, namely due process. Aycock asserts that the concept of due process requires that the Absent Class Members should be adequately and fairly apprised of their rights and that as creditors of the debtors they should have meaningful notice and a fair opportunity for a hearing.

Texaco asserts in response that (1) the Consent Order does not authorize Aycock to make class action motions; (2) Lazard's due process arguments are actually a disguised *motion for reconsideration* of the July 10, 1987 order and fail to establish any error or newly discovered evidence justifying a reconsideration of the motion; (3) relief from the automatic stay should not be granted because (a) the movants lack standing to request relief from the automatic stay on behalf of other creditors; (b)

class action proofs of claim are not permitted in bankruptcy; (c) cause does not exist under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay; and (d) Aycock's intentional attempt to violate the automatic stay is grounds for a denial of such relief.

### The Consent Order

The Consent Order entered into by the Movants and Texaco on September 28, 1987 provides in relevant part:

1. Upon the approval of this Stipulation by the Court, the Automatic Stay shall be modified solely to the extent necessary to permit continuation of the LaFourche Parish Actions and any motions, appeals or writs of review taken by any of the parties for the purpose of determining liability, if any, of the debtor as alleged by Plaintiffs.

\* \* \* \* \* \*

3. Any individual Plaintiff or other interested party may assert and file on his or her own behalf a proof of claim against the Debtor with the Court with respect to any claims which may be sustained against the Debtor in the LaFourche Parish Actions and any appeals or reviews therefrom. The Debtor retains and reserves all its rights to object to any proof of claim so filed and each Plaintiff and interested party also retains and reserves all rights including the right to fully respond to any such objection. Any proof of claim asserted and filed as aforesaid may be allowed or disallowed in the Debtor's chapter 11 case in accordance with the provisions of section 502 of the Bankruptcy Code and any and all other provisions of applicable law. Nothing contained herein shall constitute a waiver of any prohibition in the Bankruptcy Code, the Bankruptcy Rules and other applicable law against the filing by any person or entity of a proof of claim on behalf of a class of claimants ...

\* \* \* \* \* \*

5. Nothing contained herein shall constitute or operate as a waiver or modification of the Automatic Stay so as to permit the prosecution against the Debt-

or of any claims or motions by any person or entity other than Plaintiffs with respect to claims and motions in the La-Fourche Parish Actions.

■ Both parties agree that the standard for interpretation of consent agreements, expressed in *Berger v. Heckler*, 771 F.2d 1556 (2nd Cir.1985), is applicable. In *Berger*, where an appeal was taken from several orders of the United States District Court pertaining to enforcement of a consent decree entered in 1978, which entitled certain aliens to supplement security income benefits, the court held that,

> a consent decree represents a compromise between parties who have waived their right to litigation and, in the interest of avoiding the risk and expense of suit, have "given up something they might have won had they proceeded with the litigation ... For these reasons, the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it".

*Berger v. Heckler*, 771 F.2d at 1568. The court is not entitled to expand or contract the agreement of the parties as set forth in the consent decree because the explicit language of the decree is given great weight. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238, 95 S.Ct. 926, 934, 43 L.Ed.2d 148 (1975); *United States v. Armour & Co.*, 402 U.S. 673, 681–82, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971); *Taitt v. Chemical Bank*, 810 F.2d 29, 33 (2nd Cir. 1987); *Berger v. Heckler*, 771 F.2d at 1568. The plain meaning of the language of a decree and the normal usage of the terms selected govern the interpretation of the agreement. *United States v. Atlantic Refining Co.*, 360 U.S. 19, 22–23, 79 S.Ct. 944, 946, 3 L.Ed.2d 1054 (1959).

■ Consent decrees are subject to continuing supervision and enforcement by the court. Where a party to a consent decree has obtained the benefits of a consent, in addition to the termination of litigation, such party cannot be permitted to ignore the obligations imposed upon the party by the decree. *Berger v. Heckler*, 771 F.2d at 1568.

■ The movants assert that the consent decree entitled them to initiate a class action proceeding in the Louisiana court based upon the language in paragraph 1 of the Consent Order which allows "any motions, ... by any of the parties for the purpose of determining liability, if any, of the debtor ...". Although the class action proceeding may be a "motion" for the purposes of this Consent Order, other terms of this order and of 11 U.S.C. § 362 serve to set the perimeters for motions that may be made by the movants in connection with the LaFourche Parish Actions.

In light of the terms of the Consent Order, the issue is whether the parties contemplated the rights of Absent Class Members be asserted by the movants by a class certification proceeding or other motion? The "four corners" of this Consent Order and its plain meaning prohibit the movants from initiating any action on behalf of Absent Class Members. Paragraph B of the Recitals to the Consent Order define "Plaintiffs" as the "26 parties named in the reconventional demands on file in the La-Fourche Parish Actions". Although paragraphs 3 and 4 of the Order state the terms under which not only a "Plaintiff", but any "other interested party" may assert and file a proof of claim against the debtor with the court with respect to any claims which may be sustained against the Debtor in the LaFourche Parish Actions, the inclusion of the claim of an "other interested party" does not entitle the movants to extend the relief from the stay to allow them the standing to assert such a claim on behalf of any "Absent Class Member".

Paragraph 1 defines the scope of the Consent Order, which is to "permit continuation of the LaFourche Parish Actions and any motions ... for the purpose of determining [the Debtors'] liability", if any. Paragraph 5 acknowledges that other persons or entities may have claims or motions with respect to the claims in the LaFourche actions and states that the debtor does not waive or modify the automatic stay with regard to these claims. Therefore, if any other "person or entity *other* than the Plaintiffs" (emphasis added) has such a

claim, such person would have to seek relief from the automatic stay pursuant to the Bankruptcy Code and Rules. There is no indication in the Consent Order that any other person or entity is subject to the benefits of the agreement outside of the 26 named Plaintiffs in the LaFourche Parish Actions. Therefore, a class action proceeding by the movants, which would extend to the benefit of Absent Class Members, could not have been contemplated by the parties.

### Class Certification

In the event the movants' ability to initiate a class certification action is prohibited by the Consent Order, they seek relief from the automatic stay pursuant to 11 U.S.C. § 362 to pursue this certification or, in the alternative, request the Bankruptcy court grant such a certification.

The thrust of the debtor's argument against class certification concentrates on the Bankruptcy Code's prohibition from filing class proofs of claim. *See In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir. 1987); *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986); *In re Johns–Manville Corp.*, 53 B.R. 346 (Bankr.S.D.N.Y.1985); *In re Baldwin–United Corp.*, 52 B.R. 146 (Bankr.S.D.Ohio 1985); *In re Computer Devices, Inc.*, 51 B.R. 471 (Bankr.D.Mass. 1985); *In re Grocerland Coop., Inc.*, 32 B.R. 427 (Bankr.N.D.Ill.1983); *In re Shulman Transport Enterprises, Inc.*, 21 B.R. 548 (Bankr.S.D.N.Y.1982), *aff'd*, 33 B.R. 383 (S.D.N.Y.1983), *aff'd*, 744 F.2d 293 (2d Cir.1984). However, the movants are not attempting to file a class proof of claim nor do they seek permission to file such a claim. Instead, the movants seek the availability of class action procedures as distinguished from the permissibility of filing class proofs of claim. *In re Standard Metals Corp.*, 817 F.2d at 631, fn. 10; *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

Bankruptcy Rule 7023 states that Rule 23 of the Federal Rules of Civil Procedure applies to class certifications in adversary proceedings. Although the instant action is not an adversary proceeding, but is a contested matter, the Bankruptcy court has the discretion, under Bankruptcy Rule 9014, to apply Bankruptcy Rule 7023 to class certifications in contested or related matters. *In re Standard Metals Corp.*, 817 F.2d at 631.

Rule 23(a) of the F.R.C.P. states, **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The requirement for individual filing of a proof of claim is not extinguished when a large number of similar claims are involved. A class action claim cannot be used to evade that requirement. *In re Standard Metals Corp.*, 817 F.2d at 632. Class action procedures generally can only be employed in a bankruptcy proceeding to consolidate claims which have already been properly filed. *In re Standard Metals, Corp.*, 817 F.2d at 632. However, in *In re Johns-Manville Corp.*, 36 B.R. 743 (Bankr. S.D.N.Y.1984) *aff'd* 52 B.R. 940 (S.D.N.Y. 1985) a putative creditor filed a motion for appointment of a legal representative to represent future asbestos claimants against a chapter 11 debtor. "Future Asbestos Claimants" are those claimants who had not developed any of the asbestos-related diseases but who may develop such diseases post-petition. No proofs of claim could be filed by these claimants because they were not "creditors" under the Code. The court authorized the appointment of a legal representative to protect these claimants' interests under the plan of reorganization and deemed such future claimants to be parties in interest under the Code. *See In re Amatex Corp.*, 755 F.2d 1034 (3rd Cir.1985); *In re UNR Industries, Inc.*, 46 B.R. 671 (Bankr.N.D.Ill.1985) (courts authorized appointment of representative for fu-

ture asbestos claimants). These cases are distinguishable from the one at bar. The Absent Class Members have claims which are matured and cognizable even if unliquidated and contingent. In addition, it is undisputed by the parties that such people received notification of the assumption or rejection of the agreements pursuant to the Procedure Order of July 10, 1987. The Absent Class Members are creditors under the Code and do not need to be deemed creditors, parties in interest or have an appointed representative to pursue or protect their claims. Proofs of claim may be filed by each individual Absent Class Member and until such proofs of claim are filed, there can be no class action consolidation of such claims.

█ Even if this court were willing to exert its discretionary power under Bankruptcy Rule 9014 to certify a class action pursuant to Rule 7023, the movants do not satisfy the prerequisites of F.R.C.P. Rule 23(a), nor could the class action be certified for the purpose of notice to the Absent Class Members. The movants have not established that the amount of potential plaintiffs is so numerous that joinder would be impractical or that the claims or defenses of the representative parties are typical of the claims or defenses of the class. In addition, because the Absent Class Members have not filed proofs of claim with the bankruptcy court, any unfiled claims may not be consolidated into a class claim.

█ The movants merely assert that the Absent Class Members will not receive adequate notice of their rights or a fair opportunity for a hearing and cite *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *In re Adamson Co., Inc.*, 29 B.R. 937, 941 (Bankr.E.D.Va.1983) for this proposition. The so-called Absent Class Members will not be deprived of due process if a class certification is denied. Absent Class Members, if any, received notice from the Debtors pursuant to the July 10, 1987 order, wherein the debtors notified the Members that their agreements were assumed or rejected by the debtors in accordance with 11 U.S.C. § 365. These Absent Class Members are entitled to object to the assumption or rejection of their agreements with the debtors, just as Lazard has objected to the notice by the debtors pursuant to the Procedure Order, and are entitled to pursue litigation in the bankruptcy or state courts, not unlike Lazard. If the agreements were properly rejected these alleged creditors are relegated to an unsecured creditor status and are free to file proofs of claim against the debtors for breach of contract.

█ The movants assert that this notice by the debtors lead the Absent Class Members to believe that they do not have any claims against the debtors and they will therefore not initiate any proceedings. The movants argue that these alleged creditors will ultimately be barred from filing their proofs of claim and be deprived of due process. The Absent Class Members, if any, will not be deprived of due process. When a bar date is set by this court they will be informed, as potential creditors of the debtors, that they must file their proofs of claim and pursue their claims in accordance with the Bankruptcy Code and Bankruptcy Rules. Only after these Absent Class Members filed their individual proofs of claim could they be consolidated into a class. *In re Standard Metals Corp.*, 817 F.2d at 632.

*The Automatic Stay*

11 U.S.C. § 362(d) states,

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

The debtors assert that the movants are not "part[ies] in interest" and therefore do not have standing to bring a motion for relief from the stay pursuant to § 362(d). In addition, the Debtors argue that even if the movants are parties in interest under

§ 362(d), they failed to establish "cause", thereby justifying relief from the stay.

### A. Party In Interest

Aycock is an attorney who is seeking class certification on behalf of those parties he presently represents, the 26 named Plaintiffs ("Lazard") in the Consent Order, and on behalf of the Absent Class Members. The debtors do not dispute the fact that there may be other parties to the Paradis Gas agreements who are entitled to the same relief sought by Lazard, namely the Absent Class Members. The dispute exists over whether Lazard may pursue the interests of these Absent Class Members.

■■■■■ The Code does not include a definition of a party in interest. However 11 U.S.C. § 1109 makes clear that any "party in interest" may appear and be heard in a chapter 11 case. Section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter". The term "party in interest" is not limited by the small list of examples in § 1109(b). *See* 3 Norton Bankruptcy Law and Practice § 54.02 at part 54 (1987). Section 1109(b) must be construed broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard. *In re Amatex Corp.,* 755 F.2d 1034, 1042 (3rd Cir.1985). Courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation. *In re Amatex Corp.,* 755 F.2d at 1042.

The parties do not dispute that there may be Absent Class Members who are creditors of the debtor and thereby parties in interest under the Code. Nor do the debtors dispute that the movants are parties in interest. The dispute arises regarding Lazard's right to bring an action on behalf of other creditors. The debtors assert that it is manifest under the Bankruptcy Code that a party in interest who desires relief from the automatic stay must personally request such relief. They do not cite any cases for this proposition. The debtors argue that where Congress wanted a creditor to be able to act on behalf of other creditors, it specifically stated so. For example, 11 U.S.C. § 501 allows indenture trustee, co-debtors and debtors (or trustees) to file proofs of claims for other entities.

■■■ The courts, on motions filed by the debtor or other creditors on behalf of potential "future" creditors, have allowed various types of relief to be afforded to absent claimants who were deemed parties in interest under the Code. *See In re Johns-Manville Corp.,* 52 B.R. 940 (S.D.N.Y.1985); *In re Amatex Corp.,* 755 F.2d 1034 (3rd Cir.1985); *In re UNR Industries, Inc.,* 46 B.R. 671 (Bankr.N.D.Ill.1985) (motions filed for appointment of representative for Future Asbestos Claimants). However, only upon appointment of a legal representative for a group of claimants was the representative able to pursue actions on behalf of the claimants under 11 U.S.C. § 1103 (Power and Duties of Committees), and to prosecute actions with regard the plan of reorganization, dischargeability or relief from the stay. *In re UNR Industries, Inc.,* 46 B.R. at 676; *In re Johns-Manville Corp.,* 52 B.R. at 943. In view of the fact that class certification was denied, neither Lazard nor Aycock are able to act in a representative capacity for the so-called Absent Class Members. Therefore, Lazard may not seek relief from the automatic stay on behalf of Absent Class Members in order to seek class certification in the state courts.

■■■ Even if Lazard were merely seeking relief from the stay to seek class action certification in the state courts for the 26 named Plaintiffs in the Consent Order, such relief would undermine the terms of the Consent Order. The Consent Order only contemplated actions taken on behalf of the 26 named Plaintiffs, not to proceed with actions that would benefit any others who may be parties to similar natural gas leases. Although the 26 named Plaintiffs may be entitled to class action certification, under the Consent Order no other party should be entitled to such relief in the state

courts without filing a proof of claim and seeking relief from the stay in the bankruptcy court.

### B. Relief for Cause

 Assuming that Lazard is a party in interest under 11 U.S.C. § 362(d), Lazard has not establish that cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay. The movant for relief from the automatic stay for cause has the burden of presenting a *prima facie* case or a legally sufficient basis for such relief. *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.1985). Conclusory statements that a continuance of the stay will cause irreparable harm or that injury will occur if relief is denied are insufficient to establish cause. *In re Penn Dixie*, 6 B.R. 832 (Bankr.S.D.N.Y.1980). Lazard has not produced any evidence that irreparable harm or injury will occur if relief from the stay is denied. The Absent Class Members have received notice of the assumption or rejection of the agreements with the debtors and are entitled to object to the disposition of the agreements or pursue relief from the stay in order to commence state law actions. If the Absent Class Members are creditors under the bankruptcy code they may file individual proofs of claim and will receive notice from the debtors informing them of a bar date when it is set. No irreparable harm or injury will result to the Absent Class Members and no cause has been demonstrated to lift the stay.

### CONCLUSIONS

1. This court has jurisdiction of the subject matter and the persons in this case in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. The terms of the Consent Order prohibit class action certification on behalf of the Lazard, et al. or the Absent Class Members;

3. Class action certification is denied pursuant to Bankruptcy Rules 7023 and 9014;

4. The movants are not a parties in interest pursuant to 11 U.S.C. § 362(d) for purposes of seeking relief from the stay on behalf of the Absent Class Members.

5. The movants have failed to establish cause to justify relief from the automatic stay in accordance with 11 U.S.C. § 362(d) and therefore such relief is denied.