In re David HANSON, Debtor.

Robert E. SWEET, et al., Plaintiffs,

v.

David HANSON, Defendant.

Bankruptcy No. 1–88–01883.
Adv. No. 1–89–0028.

United States Bankruptcy Court,
N.D. California.

Aug. 30, 1989.

---

Michael C. Fallon, Santa Rosa, Cal., for defendant.

Roger Mulholland, William Bernstein, Mulholland, Bernstein & Peterson, San Rafael, Cal., for plaintiffs.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor David Hanson was the chief executive officer of a now-defunct mortgage company. This dischargeability action, filed by 11 investors "on behalf of themselves and all others similarly situated," alleges that the debtor participated in the

---

issuance of deceptive investment solicitations and conducted a "Ponzi" scheme, so that their claims should be excepted from discharge pursuant to section 523(a)(2) of the Bankruptcy Code.

On March 14, 1989, the court set a date certain of September 20, 1989, for trial. Plaintiffs delayed bringing the instant motion for class certification until July 24, 1989, and the motion was not calendared until August 25. Thus, the court must now decide on class certification only three weeks before trial.

While it is generally stated that bankruptcy is not supposed to be a haven for the dishonest debtor, there are in fact conflicting policies behind the Bankruptcy Code. One policy is clearly to keep dishonest persons from escaping civil liability for their dishonest acts; sections 523(a)(2), (4) and (6) are designed to prevent that. However, another strong policy is the desire to give debtors a fresh start. Where a debtor has given up all his nonexempt assets, huge nondischargeable judgments may well benefit nobody. The creditors may throw good money after bad pursuing a judgment which may never be collectible, and the judgments may keep a reformed debtor from starting over again and becoming a productive member of society.

Congress has resolved this conflict in policies by giving creditors the right to have dishonestly incurred claims excepted from discharge, but also creating significant procedural hurdles which must be overcome before the right can be exercised. These hurdles include the requirement of section 523(c) of the Code that an action be commenced in bankruptcy court, and the provisions of Bankruptcy Rule 4007(c) that allow a "window" of only a few weeks to file such an action. The rules and applicable case law strictly construe these hurdles against the creditor, so that even dishonestly incurred debts are discharged if there has not been exact compliance. *In re Hill* (9th Cir.1987), 811 F.2d 484.

The court is very concerned that the allowance of class dischargeability actions upsets the balance created by Congress. Specifically, such actions require a liberal reading of section 523(c), which has the effect of discharging even dishonest debts unless there has been a timely request to determine dischargeability filed by *the creditor to whom the debt is owed.*[1] There is no provision which would allow for a creditor to seek determination of the dischargeability of someone else's claim. Indeed, the law in this circuit is that a nondischargeability action may not be maintained on another's claim. *In re Beugen* (9th Cir. BAP 1989), 99 B.R. 961.

A few bankruptcy courts have allowed class action dischargeability proceedings, generally without considering the language of section 523(c). See, e.g., *In re Roberts* (Bkrtcy.W.D.Pa.1987), 81 B.R. 354; *In re Sclater* (Bkrtcy.E.D.Mich.1984), 40 B.R. 594; *Matter of Wholesale Furniture Mart, Inc.* (Bkrtcy.W.D.Mo.1982), 24 B.R. 240. Other courts have not allowed class nondischargeability actions on technical or procedural grounds. See, e.g., *In re Peters* (Bkrtcy.N.D.N.Y.1988), 90 B.R. 588. Because these cases finessed what the court sees here as the central issue, they are of limited assistance.

Section 523(c) has been specifically discussed in a few cases where a state has sought a nondischargeable judgment on behalf of some of its citizens, without specifically calling it a class action. See, e.g., *In re Cannon* (8th Cir.1984), 741 F.2d 1139; *In re DeFelice* (Bkrtcy.D.Conn.1987), 77 B.R. 376; *In re Pierson* (Bkrtcy.D.Minn. 1982), 17 B.R. 822. Only the court in *DeFelice* read section 523(c) so liberally as to allow dischargeability actions by proxy, and that decision has been criticized to the extent it would allow a state to bring a dischargeability action without a state law authorizing the state to sue for itself. *In re Black* (Bkrtcy.M.D.Fla.1989), 95 B.R. 819, 823.

---

1. Section 523(c) reads as follows:
   (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom

such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The highest authority on class dischargeability actions in this circuit is *In re Ross* (9th Cir. BAP 1984), 37 B.R. 656. In that case, the Appellate Panel held only that a class created to pursue a non-bankruptcy action does not remain a class for purposes of a subsequent dischargeability action. It carefully avoided a ruling on the propriety of a class dischargeability action. 37 B.R. at 658.

After a full review of the relevant case law, the court is convinced that section 523(c) must be read as prohibiting class nondischargeability actions. The highest decision, *In re Cannon,* and the highest decision in this circuit, *In re Beugen,* both stand for the proposition that nobody has standing to bring an action under 523(c) based on another's claim. If this results in some claims being declared nondischargeable while other identical claims are discharged, this is nothing more than Congress intended and is fully consistent with the policies behind the law.

Because the court rejects the notion of a class dischargeability action, it need not address whether a class is certified here, or if the class certification request is timely.

For the foregoing reasons, the motion to certify the class will be denied. Counsel for the debtor shall submit an appropriate form of order.