**In re Charles DUCK, Debtor.**

**Paul W. DICKINSON, Plaintiff,**

**v.**

**Charles DUCK, an individual, Defendant.**

**Bankruptcy No. 4–90–00167 NL–2. Adv. No. 4–90–0236 AT.**

United States Bankruptcy Court, N.D. California.

Dec. 26, 1990.

Joseph W. Cotchett, Bruce L. Simon, and Nancy L. Fineman, Cotchett & Illston, Burlingame, Cal., for plaintiff.

Arnold M. Quittner and Brian T. Corrigan, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

Defendant Charles Duck ("Duck") is a former bankruptcy trustee who was convicted of embezzlement from various bankruptcy estates and is now incarcerated. Duck is also a debtor in this chapter 11 case in which a trustee has been appointed. Plaintiff Paul W. Dickinson ("Dickinson") was a creditor in a chapter 11 case in which Duck served as a trustee (the "Borelli case"). In his complaint, Dickinson alleges that Duck, as trustee in the Borelli case, breached his fiduciary duty to him, embezzled funds in the estate, and misrepresented to and fraudulently concealed certain facts from him. Dickinson seeks a declaration of nondischargeability against Duck pursuant to 11 U.S.C. § 523(a)(2), (4), and (6) on his own behalf and on behalf of all other creditors of the Borelli case.

Prior to the commencement of Duck's chapter 11 case, Dickinson filed a class action in state court against Duck and certain other defendants alleged to be Duck's co-conspirators (the "State Court Action"). In the complaint in this adversary proceeding, Dickinson informs the Court that a hearing on class certification is scheduled in the State Court Action for August 17, 1990 and that, when the identity of the class members is ascertained, Dickinson will seek leave to amend the complaint to include the other class members as plaintiffs.

In this motion, Dickinson informs the Court that the state court has certified a class but that the members of the class have not yet been identified. At this time, he seeks leave to amend the complaint to indicate that the as yet unidentified members of the class are also plaintiffs in the adversary proceeding. When the class members are identified, he will seek leave to amend to add the class members as named plaintiffs. He expressly states that he is not asking to prosecute this action as a class action.

Duck opposed the motion solely on the ground that the proposed procedure violates the strict time limits for filing complaints seeking a declaration of nondischargeability under 11 U.S.C. § 523(a)(2), (4), and (6) established by Bankruptcy Rule 4007(c) and the case law. *See, In re Rhodes*, 61 B.R. 626, 629 (9th Cir.BAP. 1986) and *In re Hill*, 811 F.2d 484, 486 (9th Cir.1987). *See also, In re Krause*, 114 B.R. 582, 605 (Bankr.N.D.Ind.1988).

At the hearing on the motion, the Court informed Dickinson that it would not grant him leave to amend the complaint under the circumstances presented, that the certification of a class by another court did not give that class standing to prosecute an action in this Court. *See, In re Ross*, 37 B.R. 656, 658 (9th Cir.BAP.1984). If certain individuals moved to intervene as plaintiffs hereafter, that motion will be considered on its merits. However, the Court is tentatively persuaded that such a motion would be denied pursuant to Bankruptcy Rule 4007(c) and the reasons advanced by Duck in his opposition.

At the hearing, however, the Court opined that plaintiff could attempt to prosecute the action as a class action, without offering any opinion as to whether a class could be certified under these circumstances. Counsel for Dickinson informed the Court that it had not taken that more straightforward route because of published authority in this District that a dischargeability action could not be prosecuted as a class action. *Sweet v. Hanson*, 104 B.R. 261, 263 (Bankr.N.D.Cal.1989). The Court took the matter under submission and agreed to advise the parties if, after further consideration, it agreed with this decision. If it did, the motion to amend would be denied. If not, plaintiff would be permitted to make whatever amendments were required to reconstitute the adversary proceeding as a class action and attempt to have a class certified.

Having considered the matter further and having reviewed relevant authority, the Court concludes that it respectfully disagrees with the conclusion of the Court in *Sweet v. Hanson*. The basis for the *Sweet* Court's decision is two-fold. First, the Court notes that 11 U.S.C. § 523(c) provides that a debt of the type described in 11 U.S.C. § 523(a)(2), (4), or (6) will be discharged unless the bankruptcy court determines it to be excepted from discharge "... on request of the creditor to whom such debt is owed...." The *Sweet* court concludes that permitting a class dischargeability action would allow the discharge of a debt without the express request of the creditor to whom the debt is owed. *Id.*

Second, according to the *Sweet* Court, permitting a dischargeability claim to be prosecuted as a class action would upset the delicate balance created by the strict enforcement of Bankruptcy Rule 4007(c) between the opposing policies of: (1) the "fresh start" for the honest debtor and (2) the desire that bankruptcy not serve as a haven for the dishonest debtor as reflected in the exceptions to discharge set forth in 11 U.S.C. § 523(a)(2), (4), and (6). *Id.* The *Sweet* Court reviews the relevant case law, which it correctly finds is not very helpful.

*Id.* at 262–63. Finally, it concludes that the highest authority both in the Ninth Circuit and elsewhere suggests that a nondischargeability claim may not be prosecuted as a class action. *Id.* at 263.

This Court has reached a different conclusion from that of the *Sweet* Court for several reasons. First, it notes that Bankruptcy Rule 7023 states that Rule 23 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 23 authorizes and sets forth the procedure for maintaining a class action. Bankruptcy Rule 7023 contains no exception for nondischargeability actions under 11 U.S.C. § 523(a)(2), (4), or (6). True, the failure to include such an exception may have been nothing more than an oversight. However, given the fact that a major portion of all adversary proceedings prosecuted in bankruptcy court seek a declaration of nondischargeability under 11 U.S.C. § 523(a)(2), (4), and (6), this Court believes that such an oversight would be surprising.

Second, the Court finds less guidance than the *Sweet* Court from *In re Beugen*, 99 B.R. 961 (9th Cir.BAP.1989) and *In re Cannon*, 741 F.2d 1139 (8th Cir.1984). *Beugen* holds only that a vexatious litigant cannot prosecute a dischargeability action with respect to a claim acquired for the purpose of harassing the debtor. *Beugen*, 99 B.R. at 965. No such facts are present here. In *Cannon*, the 8th Circuit held that a state could not bring a dischargeability action on behalf of individuals on whose behalf state law would not have permitted it to sue. *Cannon*, 741 F.2d at 1141. Here, both state law and federal law authorizes the maintenance of a class action with respect to the underlying debt.

The most persuasive element of the *Sweet* Court's rationale is the language contained in 11 U.S.C. § 523(c). However, a similar argument was rejected in *In re Charter Co.*, 876 F.2d 866, 873 (11th Cir. 1989) where it was contended that a class proof of claim was not valid because Section 501 authorized the filing of a proof of claim only by a creditor or an indenture

trustee.[1] The Court of Appeals in *Charter* based its rejection on *Califano v. Yamasaki,* 442 U.S. 682, 700, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) in which the Supreme Court held that a class action could be maintained under Section 205(g) of the Social Security Act, even though that "provision only spoke in terms of suits filed by 'any individual' ...". *Charter,* 876 F.2d at 872. In *Califano,* the Supreme Court stated that:

> ... in the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court.

*Charter,* 876 F.2d at 872 (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979)). The 11th Circuit found that this same presumption should be applied to class proofs of claim. *Id.* This Court reaches the same conclusion with regard to dischargeability actions.

Thus, if Dickinson wishes to do so, the Court will permit him to amend his complaint to attempt to recharacterize it as a class action. In so doing, the Court wishes to make it clear that it offers no opinion at this time on the appropriateness of a class action under these circumstances. Moreover, the Court has serious doubts concerning Dickinson's standing, on his own behalf or on behalf of a class consisting of the creditors of the Borelli estate with respect to some of the allegations in particular. If, as the Court assumes, the Borelli case is still pending and a substitute trustee has been appointed, it would seem that only that trustee would have standing to assert a claim for damages on behalf of the creditors of the Borelli bankruptcy estate. However, the Court defers its consideration of these issues to such time as the complaint has been amended and a motion to certify a class is before it.

**1.** The weight of authority now permits class proofs of claim. *See, In the Matter of American Reserve Corp.,* 840 F.2d 487, 488 (7th Cir.1988) and *Reid v. White Motor Corp.,* 886 F.2d 1462,

## CONCLUSION

In an appropriate case, a class dischargeability action may be maintained in bankruptcy court. Bankruptcy Rule 7023 makes Rule 23 of the Federal Rules of Civil Procedure, authorizing class actions, applicable to adversary proceedings in bankruptcy. There is no exception for dischargeability actions. The weight of authority now holds that class proofs of claim may be filed. Under analogous Supreme Court authority, the reference in certain statutes and rules to "a creditor" as the proper plaintiff in a dischargeability action does not preclude the filing of a class dischargeability action.

1470 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990). But, *see, contra, In re Standard Metals Corp.,* 817 F.2d 625, 630 (10th Cir.1987).