In re Robert J. IOMMAZZO, Debtor.

Rachel LERCH, Harriette Roth, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Robert J. IOMMAZZO, Defendant.

Bankruptcy No. 91–21251.
Adv. No. 91–2525.

United States Bankruptcy Court,
D. New Jersey.

Jan. 21, 1993.

See also 144 F.R.D. 247.

Robert C. Finkel, Wolf, Popper, Ross, Wolf & Jones, New York City and Brian D. Zinn, Cohn, Lifland, Pearlman, Herrmann & Knopf, Saddle Brook, NJ, for plaintiffs.

Richard L. Ravin, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, NJ, for defendant.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by the defendant to dismiss the plaintiffs' complaint under Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity, and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The complaint alleges that the debtor is indebted to the plaintiff on causes of action including violations of federal securities law and fraud, and that the debt is nondischargeable in bankruptcy under § 523(a)(6) of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). This court has jurisdiction under 28 U.S.C. §§ 1334(b) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### I. FACTS AND PROCEDURAL HISTORY

The plaintiffs, Rachel Lerch and Harriette Roth ("plaintiffs"), are purchasers of the common stock of Citizens First Bancorp, Inc. ("Citizens"). In September of 1990, plaintiffs filed two separate complaints in the United States District Court for the District of New Jersey, against Citizens, some of its officers and directors and Citizens' accounting firm, Coopers & Lybrand ("Coopers"). Plaintiffs also named as a defendant, John Doe, an unidentified Coopers partner.[2]

On January 9, 1991, the complaints were consolidated, naming plaintiffs as class representatives on behalf of all persons who purchased Citizens' common stock during the period of October 18, 1989 to October 4, 1990. The allegations against the defendants included violations of 1) sections 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and SEC Rule 10(b)–5 promulgated thereunder, 2) negligent misrepresentation and 3) common law fraud and deceit. Plaintiffs also alleged

---

1. Actually, these motions must be considered under Fed.R.Bankr.P. 7009 and 7012, which incorporate the pertinent provisions of Rules 9 and 12 by reference. The Federal Rules of Civil Procedure only apply in bankruptcy cases to the extent that they are incorporated by reference in the Federal Rules of Bankruptcy Procedure.

2. This defendant was later identified as the debtor, Robert J. Iommazzo ("the debtor").

that Coopers and the debtor violated numerous Generally Accepted Accounting Principles ("GAAP") and Generally Accepted Auditing Standards ("GAAS") in performing Citizens' audit for the period ending on December 31, 1989.

■ In February of 1991, the debtor, Robert J. Iommazzo, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Plaintiffs assert that they did not become aware that John Doe was the debtor until March or April of 1991, after he filed for bankruptcy. *See* Transcript of Motion to Dismiss Adversary Proceeding before the Honorable Daniel J. Moore, U.S.B.J., at 22–23. The imposition of the automatic stay of Bankruptcy Code § 362(a) precluded plaintiffs from serving their district court complaints on the debtor. However, on July 25, 1991, plaintiffs exercised their right to file an adversary complaint against the debtor in his bankruptcy case for a determination that his alleged debt to them is nondischargeable in bankruptcy under Code § 523(a)(6). Subsequently, on April 23, 1992, plaintiffs filed an amended complaint in this adversary proceeding.[3]

The amended complaint makes essentially the same allegations against the debtor as were made in the district court class action against John Doe, and adds an assertion that the debt arising from these violations is nondischargeable under Code § 523(a)(6).

On July 25, 1991, the debtor filed this motion to dismiss plaintiffs' complaint. He argues that 1) the complaint fails to state a claim on which relief can be granted, 2) the complaint fails to plead fraud with particularity and 3) class nondischargeability proceedings are not allowed in bankruptcy. The debtor maintains that he was only a concurring partner on the audit and, in fact, spent only 12.5 hours reviewing the work and accepted the audit result without making any changes. Moreover, the debtor asserts that his performance in reviewing the audit was minimal and only consisted of reviewing and approving the audit planning memoranda and the summary of significant audit matters, providing counsel if requested and reviewing the results of the auditing team. *See* Certification of Robert J. Iommazzo, at 3. The debtor further contends that such conduct does not give rise to claims for fraud or willful and malicious injury.

On November 17, 1991, plaintiffs moved before the Honorable Harold J. Ackerman, U.S.D.J., to withdraw the reference of this adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d) and consolidate it with the district court case. On December 27, 1991, the debtor's counsel sent a letter to Judge Ackerman requesting that Judge Ackerman adjourn the motion to withdraw the reference pending the outcome of the motion to dismiss before Judge Moore. On January 9, 1992, Judge Ackerman granted the Debtor's request. On January 21, 1992, this motion was argued before Judge Moore, who reserved decision. After Judge Moore's death, a status hearing on the motion was conducted before the Honorable Novalyn L. Winfield, U.S.B.J., on April 23, 1992. The parties consented to determination of this motion by another bankruptcy judge on the papers. Subsequently, the motion was reassigned to the undersigned.

## II. THE RELATIONSHIP BETWEEN BANKRUPTCY LAW AND NON-BANKRUPTCY LAW IN THIS CASE

■ Bankruptcy Code § 523(a)(6) provides that an individual debtor cannot re-

---

**3.** The plaintiffs' amended complaint filed on April 23, 1992, will be the complaint under consideration in this opinion. Rule 12(e) of the Federal Rules of Civil Procedure, incorporated by reference in Fed.R.Bankr.P. 7012(b), provides that a party can amend its pleading "once as a matter of course at any time before a responsive pleading is served." Because a motion to dismiss does not constitute a responsive pleading, a party can amend its complaint as a matter of right between the time it is served with a motion to dismiss and the court's decision on the motion. *Glen v. First National Bank in Grand Junction,* 868 F.2d 368, 370 (10th Cir. 1989); *Taj Mahal Enterprises, Ltd. v. Trump,* 745 F.Supp. 240, 245 (D.N.J.1990); *Drennon v. Philadelphia General Hospital,* 428 F.Supp. 809, 810 (E.D.Pa.1977). Thus, the debtor's contention that this court should not consider the plaintiffs' amended complaint because plaintiffs were not granted leave to amend their original complaint is without merit.

ceive a discharge in bankruptcy of a debt arising from a willful and malicious injury by the debtor to another person or to their property. Code § 101(12) defines "debt" as liability on a claim. Code § 101(5) defines "claim" as a right to payment of any nature. The Bankruptcy Code defers to nonbankruptcy law to determine the validity of most claims. *See In re Meyertech Corp.*, 831 F.2d 410, 417–18 (3d Cir.1987). Thus, the question of whether plaintiffs have a valid claim against the debtor will be determined under nonbankruptcy law, which in this case includes federal securities law and common law regarding fraud, deceit and negligent misrepresentation.

There are therefore two standards which the plaintiffs must meet to obtain a judgment against the debtor in this adversary proceeding. First, they must meet their burden of proving a cause of action against the debtor under federal securities law and other applicable nonbankruptcy law. Second, they must meet their burden of proving that any such indebtedness of the debtor to them is nondischargeable under Bankruptcy Code § 523(a)(6).[4] Because both of these standards must be met, judgment must be entered for the debtor defendant if the plaintiffs fail to meet either standard. On this motion the debtor focuses on the standards under Code § 523(a)(6). The debtor's argument is essentially that even assuming *arguendo* that the plaintiffs have pleaded a cause of action against him under federal securities law and other applicable law, they have nevertheless failed to plead a cause of action against him under Code § 523(a)(6).

### III. RULE 12(b)(6)

The debtor moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is applicable to all bankruptcy proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss, the court must accept as true all allegations in the complaint and all reasonable inferences drawn from those allegations, and view them in a light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416–17 (1969); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). Accordingly, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957); *Commonwealth of Pennsylvania, ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 175 (3d Cir.1989).

The plaintiffs' allegations against the debtor are essentially as follows:

1) that the debtor knew and failed to disclose that the procedures and materials which Coopers relied upon in conducting its audit were inadequate and incomplete because the debtor's own loans which were in default did not appear on Citizens' "Watch List" of problem loans;

2) that the debtor knew and failed to disclose that Coopers' statements about the Citizens audit being conducted in accordance with GAAS and GAAP were false and misleading;

3) that the debtor knew and failed to disclose that financial statements which Citizens disseminated to its shareholders and to the public were materially misleading or inaccurate and that Citizens' corporate management could not adequately supervise and control its lending activities;

4) that the debtor violated Rule 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)–5 promulgated thereunder; and

5) that the debtor engaged in a conspiracy to commit fraud and aided and abetted the commission of a fraud.

---

**4.** The standard of proof which a plaintiff must meet for a debt to be nondischargeable under Code § 523(a) is the ordinary preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Plaintiffs further assert that by engaging in the above acts and making the above materially false misrepresentations and omissions, the debtor intended to deceive plaintiffs. Finally, plaintiffs assert that they suffered damages because they relied on these acts, misrepresentations and omissions in purchasing Citizens' stock at a price which was artificially inflated as a result of the debtor's fraudulent conduct.

The standards under Code § 523(a)(6), against which these allegations must be measured, are as follows:

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate and intentional," a deliberate and intentional act which necessarily leads to injury. *Therefore a wrongful act done intentionally which necessarily produces harm and is without just cause or excuse may constitute a willful and malicious injury.*

*In re Braen,* 900 F.2d 621, 626 n. 4 (3d Cir.1990) (citing 3 *Collier on Bankruptcy* ¶ 523.16[1], at 523–129 (15th ed. 1989) (emphasis added)).

■ Claims that debts are nondischargeable because of fraud are ordinarily asserted under Code § 523(a)(2), which expressly deals with fraud. Yet, the plaintiffs have declined to assert a cause of action under Code § 523(a)(2). *See* Transcript of Status Conference on Motion to Dismiss before Judge Winfield, at 21.[5]

■ Fraud can, however, constitute a cause of action under Code § 523(a)(6) as well if the conduct meets the tests of willful and malicious injury. *In re Schmidt,* 36 B.R. 834, 836 (Bankr.D.Minn.1984). *See also Matter of Armstrong,* 54 B.R. 399 (Bankr.N.D.Ala.1985) and *In re McCay,* 12 B.R. 138 (Bankr.D.Nev.1981). To prove that fraudulent representations or other

conduct were "malicious" within the meaning of Code § 523(a)(6), the plaintiffs must prove that the representations *necessarily* led to their injuries. *In re Braen,* 900 F.2d at 626 n. 4; *In re Scarlata,* 127 B.R. 1004, 1013 (N.D.Ill.1991); *In re Dvorak,* 118 B.R. 619, 627 (Bankr.N.D.Ill.1990). *See also* 3 *Collier on Bankruptcy* ¶ 523.16[1], at 523–529 (15th ed. 1991) and cases cited therein.

■ Applying those standards to these facts, it appears that it will be difficult for the plaintiffs to meet their burden of proving that the debtor knew that the representations in question would necessarily harm the plaintiffs. *See In re Der,* 113 B.R. 218, 230–31 (Bankr.D.Md.1989) (a somewhat similar case in which the plaintiffs established that the debtor violated section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, but failed to meet their burden of proving a cause of action under Bankruptcy Code § 523(a)(6)). However, by applying the standards under Fed.R.Civ.P. 12(b)(6), and viewing the allegations in the light most favorable to the plaintiffs, this court finds that it is possible that the plaintiffs could prove that the debtor knew that his allegedly fraudulent representations would necessarily harm the plaintiffs. The amended complaint therefore states a claim upon which relief can be granted.

## IV. RULE 9(b)

■ The debtor argues in the alternative that the complaint should be dismissed under Fed.R.Bankr.P. 7009 and Fed. R.Civ.P. 9(b) for failure to plead fraud with particularity. A much greater notice requirement than that which is generally required under Rule 8 is required when a complaint is alleging fraud. *Matter of Schwartzman,* 63 B.R. 348, 355 (Bankr. S.D. Ohio 1986). *See also Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979) (Rule 9(b) "is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the feder-

---

**5.** This decision was apparently due to the language of Code § 523(a)(2) and case law interpreting it to limit damages to funds actually obtained by the defendant as the result of the fraud. *See In re Stelweck,* 86 B.R. 833, 846

(Bankr.E.D.Pa.1988) and *In re Record Co., Inc.,* 8 B.R. 57, 60 (Bankr.S.D.Ind.1980). *See also* 3 *Collier on Bankruptcy* ¶ 523.08[1], at 523–46–47 (15th ed. 1991).

al rules"). Rule 9(b) of the Federal Rules of Civil Procedure, which is applicable to all bankruptcy proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure, states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Specifically:

> Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral or fraudulent behavior.

*Seville Industrial Machinery v. Southmost Machinery,* 742 F.2d 786, 791 (3d Cir.1984). Although not expressly required by Rule 9(b), allegations consisting of the time, place and content of the misrepresentation or omission relied upon, the identity of the perpetrator and what was obtained or given up, satisfy the "circumstances" requirement. *Id.*

▪ When pleading fraud, a plaintiff "must accompany such an allegation with a statement of facts upon which their allegation is based." *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 285 (3d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992). The primary purpose of Rule 9(b) is to guarantee that a defendant who is accused of a fraud has fair and adequate notice of the specific allegations of fraud relied on. *A.H. Robins Co.,* 607 F.2d at 557–58.

▪ The essential allegations of plaintiff's amended complaint against the debtor are set forth in Section III, *supra.* The details regarding those allegations include the following:

1. During the time when the debtor was concurring partner on the Citizens audit, he had substantial unsecured loans from Citizens in violation of applicable regulations and auditing standards. Amended complaint, ¶ 14–18.

2. Although the debtor was unable to support those loans and some of his checks to Citizens were returned for insufficient funds, Citizens continued to increase the debtor's credit line. *Id.* at ¶ 19 and 20.

3. The debtor's loans to Citizens should have appeared on its Watch List of problem loans, but did not. The debtor knew that Citizens' internal controls for comprising the Watch List were inadequate, but certified that they were adequate. The debtor knew that if he advised Coopers of Citizens' lack of internal controls and the inadequacy of the Citizens audit, his loans from Citizens would be uncovered and he would be subjected to professional disgrace. *Id.* at ¶ 22–25.

4. The debtor knew that statements made by Coopers as to the adequacy of Citizens' consolidated financial statements in its Form 10–K for fiscal 1989 were false. *Id.* at ¶ 26–27 and 33–34.

5. As a result of those and other material misrepresentations and omissions made by Coopers and the debtor, the price of Citizens' common stock was artificially inflated throughout the Class Period, causing damages to the plaintiffs. *Id.* at ¶ 37–42.

The court concludes that these allegations fairly apprise the debtor of the circumstances of the alleged fraud in sufficient detail to put the debtor on notice of the precise misconduct with which he is charged, and that he can therefore adequately answer and prepare his defense. The complaint therefore passes muster under Rule 9(b), and the motion to dismiss under that Rule is denied.

## V. CLASS NONDISCHARGEABILITY SUITS IN BANKRUPTCY

▪ The debtor also argues that class actions cannot be maintained under Code § 523. Rule 7023 of the Federal Rules of Bankruptcy Procedure provides that Rule 23 of the Federal Rules of Civil Procedure is applicable to adversary proceedings in bankruptcy. *See In re Texaco, Inc.,* 81 B.R. 820, 826 (Bankr.S.D.N.Y.1988). There has been some controversy, however, over whether class certifications in nondischargeability proceedings are included

within the ambit of Rule 7023. *Compare In re Duck,* 122 B.R. 403 (Bankr.N.D.Cal. 1990) (authorizing class nondischargeability proceedings) and *Sweet v. Hanson,* 104 B.R. 261 (Bankr.N.D.Cal.1989) (prohibiting class nondischargeability proceedings).

The debtor primarily relies on *Sweet v. Hanson,* 104 B.R. 261 (Bankr.N.D.Cal. 1989), in support of his argument that class nondischargeability actions are prohibited.[6] In *Sweet,* the court maintained that the existence of class nondischargeability actions would violate the mandate of Code § 523(c), which requires that a bankruptcy court only consider an exception to discharge when it is filed on request of "the creditor to whom such debt is owed." *Id.* at 262. Specifically, the court asserted that if nondischargeability class actions were permitted, it "would allow for a creditor to seek the determination of the dischargeability of someone else's claim." *Id.*

In the case of *In re Duck,* 122 B.R. 403 (Bankr.N.D.Cal.1990), however, the court expressly disagreed with the *Sweet* decision and held that class nondischargeability proceedings are allowed under Rule 7023. *Id.* at 405. Specifically, the court stated:

> This court has reached a different conclusion from that of the *Sweet* court for several reasons. First, it notes that Bankruptcy Rule 7023 states that Rule 23 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 23 authorizes and sets forth the procedure for maintaining a class action. Bankruptcy Rule 7023 contains no exception for nondischargeability actions under 11 U.S.C. § 523(a)(2), (4), or (6).

True, the failure to include such an exception may have been nothing more than an oversight. However, given the fact that a major portion of all adversary proceedings prosecuted in bankruptcy court seek a declaration of nondischargeability under 11 U.S.C. § 523(a)(2), (4), and (6), this Court believes that such an oversight would be surprising.

*Id.*

The court further maintained that although it found the *Sweet* court's interpretation of the language contained in Code § 523(c) "[t]he most persuasive element of the *Sweet* Court's rationale," it rejected the view that such language was sufficient to preclude a class nondischargeability action. *Id.* Rather, the court relied on the case of *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), "in which the Supreme Court held that a class action could be maintained under Section 205(g) of the Social Security Act, even though that provision only spoke in terms of suits filed by an 'individual'." *Duck,* 122 B.R. at 406. The court posited:

> [I]n the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court.

*Id.* (quoting *Califano,* 442 U.S. at 700, 99 S.Ct. at 2557, 61 L.Ed.2d at 191–92). While noting that a similar rationale had been applied in support of allowing class proofs of claims to be filed in bankruptcy,[7] the

---

6. The Debtor also relies on *Moore v. Ross,* 37 B.R. 656 (9th Cir. BAP 1984), where the court held that a class which was created in a non-bankruptcy action could not also be certified as a class in a subsequent nondischargeability action. *Id.* at 658. The *Moore* court, however, as the *Sweet* court even noted, "carefully avoided a ruling on the propriety of a class dischargeability action." *Sweet,* 104 B.R. at 263. Thus, *Moore* is not persuasive authority on the absolute prohibition of a class nondischargeability action in bankruptcy.

7. Specifically, the *Duck* court cites *In re Charter Co.,* 876 F.2d 866 (11th Cir.1989), where the *Charter* court held that the filing of a class proof

of claim was not prohibited under Code § 501 which authorizes the filing of a proof of claim only by 'a creditor' or an indenture trustee. *See Duck,* 122 B.R. at 405–06. It is now well accepted that class proofs of claims are allowed in bankruptcy. *See Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir.1989); *Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988); *In re Drexel Burnham Lambert Group, Inc.,* 130 B.R. 910 (S.D.N.Y.1991); *Feltman v. Prudential Bache Securities,* 122 B.R. 466 (S.D.Fla.1990); *In re Zenith Laboratories, Inc.,* 104 B.R. 659 (D.N.J. 1989); *In re Livaditis,* 122 B.R. 330 (Bankr. N.D.Ill.1990).

court concluded that "the reference in certain statutes and rules to 'a creditor' as a proper plaintiff in a dischargeability action does not preclude the filing of a class dischargeability action." *Id. See also In re Livaditis*, 132 B.R. 897 (Bankr.N.D.Ill. 1991).

This court concludes that the more persuasive view is that class actions are permitted by Fed.R.Bankr.P. 7023 in adversary proceedings under Bankruptcy Code § 523(c).[8] The motion to dismiss or strike so much of the complaint as seeks class certification on the grounds that such certification is impermissible as a matter of law under Code § 523(c) is therefore denied.

## VI. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint is denied. This adversary proceeding will be transferred back to the Newark vicinage for assignment to the Honorable Rosemary Gambardella, U.S.B.J., who has assumed Judge Moore's caseload. Such transfer is, of course, subject to Judge Ackerman's decision on the motion to withdraw the reference, which was held in abeyance pending the outcome of this motion.

The attorney for the plaintiffs is to submit an order within five days under Rule 4 of the Local Rules of Bankruptcy Practice.

---

**8.** *See also In re Roberts,* 81 B.R. 354 (Bankr. W.D.Pa.1987) (where court allowed class dischargeability proceeding); *In re Sclater,* 40 B.R. 594 (Bankr.E.D.Mich.1984) (where court allowed class dischargeability proceeding); *Matter of Wholesale Furniture Mart, Inc.,* 24 B.R. 240 (Bankr.W.D.Mo.1982) (where court allowed class dischargeability proceeding).