In re Tom LIVADITIS (a/k/a Anthanasios Livaditis, Tom D'Or, Tom Livaditis D'Or), Debtor.

Mariluz ROSARIO, Teresa Shampiama, Ligny Canet, Dolores Maldonado, Carmen Ortiz, Shelia Benton, Charlie Lowe, Milgario Perez, Myrna Garcia, Daniel Barba, Altagracia Lopez, and Joyce E. Walker, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Tom LIVADITIS (a/k/a Anthanasios Livaditis, Tom D'Or, Tom Livaditis D'Or), Defendant.

Bankruptcy No. 90 B 08724.
Adversary No. 90 A 0996.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 18, 1991.

Mark E. Leipold, Robins, Kaplan, Miller & Ciresi, Alan A. Slop, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Chester H. Foster, Jr., Daniel S. Alexander, Durkin, Foster, Roberts & Barnett, Chicago, Ill., for debtor-defendant.

## MEMORANDUM OPINION ON CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

JACK B. SCHMETTERER, Bankruptcy Judge.

Plaintiffs have moved for class certification, so as to pursue their complaint in this Adversary case under 11 U.S.C. § 523(c) to have the debt owed to the class they earlier represented declared non-dischargeable. For reasons discussed in this opinion, the motion is allowed. Accordingly, Plaintiffs' counsel will be asked to supply a proposed order to certify the plaintiffs as a class.

### FACTS [1]

The proposed Plaintiff Class consists of 1404 students who enrolled in a course of cosmetology at one of the two beauty schools (D'Or Beauty College and D'Or School of Cosmetology) owned and operated by Tom Livaditis ("Debtor") between February, 1983 and August, 1988. Each of these students were provided with a course catalogue and enrolled for the purpose of taking cosmetology courses.

The Class Plaintiffs brought an action against the Debtor and his schools in the District Court for the Northern District of Illinois (the "District Court") in February of 1987. On October 3, 1988, Judge Conlon certified their class under Rule 23 F.R.Civ.P. On August 25, 1989, a jury assessed damages against Debtor and his schools in the amount of $640,422 for violations of the Illinois Consumer Fraud Act, Ill.Rev.Stat. ch. 121½ §§ 261 et seq., and the Racketeer Influence and Corrupt Organization Act, 18 U.S.C. §§ 1961 et seq. On February 20, 1990, Judge Conlon awarded Class Plaintiffs attorneys' fees and expenses in the amount of $271,711.80 pursuant to section 270a(c) of the Consumer Fraud Act.

The Debtor appealed this judgment, including Judge Conlon's certification of the class, on a number of grounds.[2] However, the Debtor did not post a supersedeas bond to stay execution of the judgment pending appeal, and the Class Plaintiffs began to implement their post-judgment remedies. Shortly thereafter, on May 10, 1990, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code which stayed Class Plaintiffs' collection efforts.

The Class Plaintiffs then obtained certification for the same class in this Bankruptcy Court for the purpose of filing a class proof of claim. *In re Livaditis,* 122 B.R.

---

1. The more detailed pertinent facts of this case are undisputed and have also been set forth in *In re Livaditis,* 122 B.R. 330 (Bankr.N.D.Ill. 1990).

2. The Debtor's appeal of the District Court judgment against him is still pending. It is set for oral argument on December 3, 1991.

330 (Bankr.N.D.Ill.1990). However, when this Court certified that class, it also struck the Class Plaintiffs' motion to certify their class for the purpose of filing a § 523(c) dischargeability complaint as premature because their Adversary complaint had not yet been filed. Now, the Class Plaintiffs have filed this Adversary complaint claiming that the debt owed to them collectively is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6). Class Plaintiffs now request entry of an order certifying the same class for the purpose of pursuing this dischargeability complaint.

## JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. §§ 157, 1334, and General Rule 2.33 of the United States District Court for the Northern District of Illinois. The Adversary complaint is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (I).

## DISCUSSION

In order to certify a class, plaintiffs must establish that (1) as a matter of law a dischargeability action may proceed as a class action; and (2) as a matter of law the

Class Plaintiffs meet the requirements of Rule 23, F.R.Civ.P.,[3] which applies here under Rule 7023, F.R.Bankr.P.[4]

### I. *A Dischargeability Action May Proceed as a Class Action*

■ The issue of whether a dischargeability action may proceed as a class action has rarely been considered. A few bankruptcy courts have allowed class dischargeability actions without discussing the issue at length. See, *In re Roberts*, 81 B.R. 354 (Bankr.W.D.Pa.1987); *In re Sclater*, 40 B.R. 594 (Bankr.E.D.Mich.1984); *Matter of Wholesale Furniture Mart, Inc.*, 24 B.R. 240 (Bankr.W.D.Mo.1982). See also *In re Peters*, 90 B.R. 588 (Bankr.N.D.N.Y.1988) (dismissing a class dischargeability action on procedural grounds without discussing the propriety of the class action itself). Only two courts have directly addressed the issue of whether a dischargeability complaint under § 523(c) may be prosecuted in the form of a class action, and they have reached opposite conclusions.[5]

The court in *In re Hanson*, 104 B.R. 261 (Bankr.N.D.Cal.1989), held that class dischargeability actions are not allowed. The basis for this conclusion was language in § 523(c) which "has the effect of dis-

---

**3.** Fed.R.Civ.P. Rule 23 provides,

(a) PREREQUISITES TO CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

.    .    .    .    .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods

for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

**4.** Rule 7023 F.R.Bankr.P. states, "Rule 23 F.R.Civ.P. applies in adversary proceedings."

**5.** The Debtor cites *In re Ross*, 37 B.R. 656 (9th Cir. BAP 1984), to support its argument that § 523 precludes class dischargeability actions. However, that case held only that a class created to pursue a non-bankruptcy action does not remain a class for purposes of a subsequent dischargeability action. 37 B.R. at 658. The Panel did not rule on the propriety of a class dischargeability action. *Id.* The ruling did not bar reconsideration of the same class for possible certification in the non-dischargeability action.

charging even dishonest debts unless there has been a timely request to determine dischargeability filed by *the creditor to whom the debt is owed.*" 104 B.R. at 262.[6] The Court opined that Congress had set impressive procedural hurdles to parties desiring to bar dischargeability, and that § 523(c) should be read strictly so as to allow discharge unless there has been "exact compliance." *Id.* The court reasoned that "nobody has standing to bring an action under § 523(c) based on another's claim," *Id.* at 263, and thus a class action could not be maintained in this context because this would allow the action to proceed without the express request of each creditor. *Id.*

The court in *In re Duck,* 122 B.R. 403 (Bankr.N.D.Cal.1990), disagreed with *Hanson* for several reasons. First, Rule 7023 F.R.Bankr.P. states that Rule 23 F.R.Civ.P. applies in Adversary proceedings and contains no exception for dischargeability actions. 122 B.R. at 405. The court also relied on *In re Charter Co.,* 876 F.2d 866 (11th Cir.1989) (holding that proof of claims may be pursued as class actions) and *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (holding that class actions may be maintained under § 205(g) of the Social Security Act even though that provision only spoke in terms of suits filed by "any individual").

■ Absent a direct expression of Congress prohibiting an action from being tried as a class action, the normal rules of civil procedure, including Rule 23 F.R.Civ. P., may be applied. *Duck,* 122 B.R. at 406, citing *Charter,* 876 F.2d at 872. In *Califano,* the Supreme Court ruled that:

> ... in the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court.

The *Duck* court applied this principle to dischargeability actions. Finding no such expression by Congress, it held that § 523(c) class actions may be allowed. 122 B.R. at 406.

This Court agrees with the reasoning in *Duck,* and holds that class actions are permitted under § 523(c) for three reasons:

First, Rule 7023 makes no exception for dischargeability in applying Rule 23 F.R.Civ.P. to adversary proceedings.

Second, this Court is bound to follow the decision of *Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988) which is similar to *In re Charter Co.* Like *Charter,* the Seventh Circuit Panel in *American Reserve* held that class proofs of claims may be filed on behalf of individual claimants, and the court also cited *Califano* for the test for determining whether to allow class actions. 840 F.2d at 492. If class claims can be filed under 11 U.S.C. § 501, there is no logical reason why class actions cannot be filed on behalf of claimants to determine whether their claims are dischargeable under § 523. Thus, as the court in *Duck* logically applied the decision in *Charter,* this Court applies the decision in *American Reserve.* Since nothing in the Bankruptcy Code indicates that Congress expressly barred a class action in § 523 proceedings, class dischargeability actions are permitted.

■ Finally, the wording of § 523(c) that non-dischargeability must be determined "on request of the creditor to whom the debt is owed" does not mean that creditors must always personally file a § 523(c) complaint. It is well established that state Attorney Generals may prosecute dischargeability actions under § 523(c) on behalf of injured creditors provided there is statutory authority under their state law to do so. *In re Tapper,* 123 B.R. 594, 599 (Bankr.N.D.Ill.1991); *In re DeFelice,* 77 B.R. 376, 378–80 (Bankr.D.Conn.1987); *In*

---

**6.** 11 U.S.C. § 523(c) states:
(c) Except as provided in subsection (a)(3)(B) of the section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom

such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from the discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

*re Sclater,* 40 B.R. 594, 596 (Bankr. E.D.Mich.1984); *People of the State of New York v. Hemingway,* 39 B.R. 619, 622 (N.D.N.Y.1983) (all finding the Attorney General had standing under the state's consumer protection statute); cf. *In re Cannon,* 741 F.2d 1139 (8th Cir.1984) (holding that the Missouri Attorney General lacked standing because the Missouri consumer protection statute limited the Attorney General to obtaining injunctive relief). Also, the Chapter 7 trustee of one estate has standing to bring a non-dischargeability action against the debtor in another estate. *In re Muller,* 111 B.R. 911, 914 (Bankr.S.D.Cal.1990). Thus, § 523(c) does not necessarily mean that dischargeability complaints cannot be pursued through a representative.

For the foregoing reasons, a class dischargeability action may proceed under 11 U.S.C. § 523.

## II. *Class Plaintiffs Meet the Requirements of Rule 23.*

█ Rule 23 F.R.Civ.P. permits class actions when (1) class members are so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) claims or defenses of the representatives are typical of those of the class members; (4) the representatives will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The Court must also find that (1) the prosecution of separate actions by individual class members would create inconsistent adjudications or impair the ability of other members to protect their interests; or (2) the opposing grounds generally applicable to the class; or (3) common questions of law or fact predominate. Fed.R.Civ.P. 23(b). The party seeking class certification bears the burden of demonstrating that certification is proper. *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir.1984).

It is clear that all the requirements of Rule 7023 have been satisfied in this case. There is no dispute as to three of the requirements. Rule 23(a)(1) is met because with over 1400 plaintiffs, the class is so numerous that joinder of all members is impracticable. See *In re Livaditis,* 122 B.R. at 336; *Thillens, Inc. v. Community Currency Exchange Assoc.,* 97 F.R.D. 668, 677 (N.D.Ill.1983) ("Where a class is large, the numbers alone are dispositive of the impracticability or joinder").

Rule 23(a)(2) is also met. The claims of the representatives are typical of the class members since their claims are based on the same legal theories, arose from the same practice or course of conduct by the Debtor, and now arise under the judgment rendered in favor of the class by the District Court. See *In re Livaditis,* 122 B.R. at 336; *Gomez v. Illinois State Bd. of Educ.,* 117 F.R.D. 394, 400 (N.D.Ill.1987).

Furthermore, the named representatives can adequately represent the interests of the class. These are the same named plaintiffs that successfully pursued this matter to judgment in the District Court and also filed a Class Claim against the Debtor–Defendant. They are well represented by lawyers of the Legal Assistance Foundation of Chicago and the experienced firm of Robins, Kaplan, Miller & Ciresi. Thus Rule 23(a)(4) is satisfied. See *In re Livaditis,* 122 B.R. at 336–37.

█ The only remaining issue under Rule 23(a) is whether the commonality requirement of Fed.R.Civ.P. 23(a)(2) is satisfied. The party seeking class certification must show that there is at least one question of law or fact common to the class. Fed.R.Civ.P. 23(a)(2); *Gomez,* 117 F.R.D. at 399; *Allen v. Issac,* 99 F.R.D. 45, 54 (N.D.Ill.1983). Common issues in this § 523 case abound. They include:

1) Whether the Debtor made the alleged representations;

2) Whether, at the time he made those representations, the Debtor knew that they were false, or whether he made them with reckless disregard for the truth;

3) Whether he made misrepresentations with the intention and purpose of deceiving the plaintiffs;

4) Whether the class members reasonably relied on the Debtor's fraudulent representations; and

5) Whether the plaintiffs sustained the alleged loss and damage as the proximate result of the representations made by the Debtor.

Indeed the crux of the Class Plaintiffs' case is that the Debtor made the same set of misrepresentations to all class members, through the catalogue and related advertisements, that enrolling in his schools would enable the class members to learn cosmetology. The Class Plaintiffs allege that conditions of the schools made those representations fraudulent, since enrolling in Debtor's schools did nothing for the class members but relieve them of their tuition money.

■ If the Class Plaintiffs' judgment stands on appeal, of course, we may never reach the foregoing issues. In that event, commonality will be satisfied by affirmance of the judgment in favor of Class Plaintiffs in the District Court. Assuming arguendo the possibility that the judgment will not stand, the inquiry to be made by this Court is whether the misrepresentations varied throughout the class. *Harman v. LyphoMed, Inc.,* 122 F.R.D. 522, 526 (N.D.Ill. 1988). Debtor's misrepresentations were made over a period of time to each of the class members. However, this fact does not, by itself, defeat the commonality requirement of Rule 23(a)(2) or the predominance requirement of Rule 23(b)(3). *Id.* Class treatment is not defeated merely because there are some factual variations among the individual class members. *Patterson v. General Motors Corp.,* 631 F.2d 476 (7th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). Since the crux of this claim is that the Debtor followed a common course of conduct as to the class members, it is clear that the commonality requirement is met for this case. See *Harman v. LyphoMed,* 122 F.R.D. at 526; *Hochschuler v. G.D. Searle & Co.,* 82 F.R.D. 339, 342–43 (N.D.Ill.1978) (both finding allegations of a common scheme of nondisclosure to purchasers of stock sufficient to meet the commonality requirement).

The requirements of Rule 23(b) F.R.Civ.P. are also met. Debtor objects on grounds that individual issues predominate over the common issues of fact because, the plaintiffs' must show that each creditor reasonably relied on the debtor's intentional misrepresentation. *In re Kimzey,* 761 F.2d 421 (7th Cir.1985). However, as pointed out above, the fact that representations were made to each of the class members over time, does not defeat the predominance requirement of Rule 23(b)(3). *Harman v. LyphoMed,* 122 F.R.D. at 526. Since a common course of conduct by the Debtor is alleged against all the class members, the predominance question under Rule 23(b)(3) is satisfied.

■ Even if the predominance requirement were not met, this Court alternatively holds that the requirement of Rule 23(b)(1)(B) that the prosecution of separate actions by individual class members would impair the ability of other members to protect their interests is also satisfied. The class consists of over 1400 people who lack the financial resources to maintain individual lawsuits. Indeed many of the class members speak only Spanish and have come to rely on the class representatives to assert their interests against the Debtor. See *In re Livaditis,* 122 B.R. at 337, citing *Tenants Assoc. v. HUD,* 97 F.R.D. 726, 731 (N.D.Ill.1983) (noting the superiority of class actions because of "the inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually"). If the class were not certified, the class members would be unable to pursue this matter on their own. Thus, not certifying the class would effectively impair their rights.

In summary, the Court finds that the plaintiffs satisfy all the requirements of Rule 7023.

### III. *Collateral Estoppel*

■ On October 3, 1988, the District Court certified the class in the non-bankruptcy proceeding. On December 21, 1990, this Court certified the same class for the purpose of filing a class proof of claim. Thus, the Court may, as an alternative to the foregoing analysis, decide whether the doctrine of collateral estoppel precludes

Debtor from relitigating the findings underlying the previous class certifications.

The doctrine of collateral estoppel is designed to conserve judicial resources and to promote judicial economy *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987). In order to give a judgment collateral estoppel effect in a later proceeding, four requirements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated to final judgment; (3) the determination must have been essential to the final judgment; and, (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Id.*

The first requirement is met here. Count I of the Class Plaintiffs' Adversary complaint seeks a declaration of non-dischargeability under § 523(a)(2)(A) of the Bankruptcy Code. Thus, the issues of false pretense, false representation and fraud in a § 523(a)(2)(A) context are substantially the same as those issues in the context of the Class proof of claim, or the Class complaint under RICO and the Illinois Consumer Fraud and Deceptive Business Practices Act that went to judgment.

One element required for non-dischargeability under § 542(a)(2)(A) is that the creditor has actually relied upon debtor's false representation. *In re Kimzey*, 761 F.2d at 423. However, the class in this case was also certified in the District Court on a theory of actual fraud. As Judge Conlon stated in her memorandum opinion certifying the class,

> An overriding common legal and evidentiary issue is raised by plaintiff: whether Livaditis operated D'Or schools pursuant to an ongoing scheme to defraud and deceive prospective students by misrepresenting essentially every aspect of the professional training and education they would receive, and whether the operation of this scheme violated RICO.... A common course of conduct allegedly was followed by defendants. Under these circumstances, the commonality requirement was satisfied. (citations omitted) No. 87 C 1224, *slip op.*, at 8, 1988 WL 105303 (N.D.Ill. Oct. 3, 1988).

Class Plaintiffs alleged that Debtor followed a common course of conduct as to all the class members. They so alleged in the District Court, in this Court in the Class Proof of Claim, and again in this dischargeability action. Thus, the commonality of issues is demonstrated for all three proceedings.

The second, third, and fourth requirements for collateral estoppel are clearly satisfied in this case. See *In re Livaditis*, 122 B.R. at 334–35. This claim was actually litigated to final judgment. As this Court pointed out in the decision to certify the Class Proof of Claim, "[i]t is well established that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo." (citations omitted) *Id.* at 335. In this case, the appellate court is merely considering the trial record and is not proceeding de novo. *Id.* Therefore, the Debtor's appeal does not make this judgment non-final.

Determination of the key questions posed here was essential to the final judgment entered in the District Court. Just as this dischargeability claim would not be pursued without class certification, the Class Plaintiffs would not have pursued their claim in the District Court without the class certification. Finally, the party against whom estoppel is being invoked was fully represented in the District Court. Thus, all the elements of collateral estoppel are satisfied, and the District Court judgment and this Court's earlier judgment as to class certification has collateral estoppel effect.[7] See *In re Livaditis*, 122 B.R. at 334. Of course, the foregoing is an analysis alternative to the grounds set forth in

---

7. Plaintiffs argue that certification of their Class created a "juristic person" (namely, the class) which continues its existence until the close of the litigation. The Debtor disputes this, arguing that this "juristic person" exists only in the confines of the District Court where it was created. The Debtor cites *In re Ross*, 37 B.R. 656, 658 (9th Cir. BAP 1984) ("the creation of a class relates solely to a single common litigational event ... upon conclusion thereof, the class

part II of this opinion which state an independent basis for certifying the class.

## CONCLUSION

Accordingly, Class Plaintiffs' motion for Certification of the class pursuant to Rule 23 F.R.Civ.P. (Rule 7023 F.R.Civ.P.) for the purpose of prosecuting this dischargeability action against the Debtor under 11 U.S.C. § 523 is granted. The Class will be defined the same way as the Class was defined for the purpose of filing the Class Claim.

ceases to exist.") This Court has made an independent analysis of the class issues here and will certify a new class in this case, albeit the same class as earlier certified.