In re Oscar H. COGGIN and Vanette B. Coggin, Debtors.

Oscar H. COGGIN and Vanette B. Coggin, Plaintiffs,

v.

SEARS, ROEBUCK AND COMPANY, Defendant.

Bankruptcy No. 92–00616–8–ATS.
Adv. No. S–92–000256–8–AP.

United States Bankruptcy Court,
E.D. North Carolina.

June 17, 1993.

William E. Brewer, Jr., Raleigh, NC, for debtors.

David D. Lennon, Raleigh, NC, for defendant.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Chief Judge.

This is an adversary proceeding brought by two chapter 7 codebtors, Oscar H. Coggin and Vanette B. Coggin, to avoid a lien claimed by Sears, Roebuck and Company on an air conditioner and a washer that the Coggins purchased from Sears and charged to their revolving Sears charge account. The Coggins contend that the liens are void because Sears failed to properly apply payments made on the account in violation of the North Carolina Retail Installment Sales Act ("NCRISA"), N.C.Gen.Stat. § 25A–1 *et seq.* The Coggins seek additional damages based on Sears' violation of the debtors' discharge injunction and based on Sears' unfair and deceptive trade practices pursuant to N.C.Gen.Stat. § 75–1.1.

The Coggins also moved to have this proceeding certified as a class action pursuant to Fed.R.Civ.P. 23 (Fed.R.Bankr.P. 7023), and a hearing was held in Raleigh, North Carolina on March 10, 1993. The plaintiffs' motion to certify the class will be allowed.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This court has the authority to hear and determine this proceeding because this proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(K). Furthermore, if any aspect of this proceeding is not a "core proceeding," the defendant Sears in its answer has consented to the entry of final orders or judgments by the bankruptcy judge.

## FACTS

The Coggins filed a joint petition under chapter 7 of the Bankruptcy Code on February 21, 1992. The case was designated a "no asset" case, the Coggins received their discharge on May 29, 1992, and the case was closed on June 5, 1992.

In 1989, the debtors purchased an air conditioner from Sears for $907.20 and charged the purchase to their Sears charge

account. In 1990, the debtors purchased a washer from Sears for $398.99, and the purchase was also charged to the same account. Sears claims a security interest in both the air conditioner and the washer; and after the debtors received their discharge, Sears' attorney wrote to the debtors to demand that the property be returned. Instead of delivering the property to Sears, the debtors moved to reopen their case and brought this adversary proceeding to avoid the Sears' lien.

## DEBTORS' CONTENTIONS

The debtors maintain that pursuant to NCRISA, Sears had an obligation to prorate all payments made by the debtors on their revolving charge account to the air conditioner and washer. According to the debtors, and according to Sears, the payments were applied by the "first in—first out" method rather than on a pro rata basis. Consequently, the debtors' payments were all attributed to the first item purchased, the air conditioner. The debtors argue that Sears failed to comply with NCRISA, that the Sears' liens are void, and that Sears violated the debtors' discharge injunction by trying to enforce invalid liens for the sole purpose of collecting a discharged debt. Furthermore, the debtors maintain that Sears had previously lost two motions to avoid liens on similar grounds,[1] the earliest being on March 27, 1992, and that because Sears continued to violate NCRISA and to enforce invalid liens after those rulings, Sears violated North Carolina's prohibition against unfair and deceptive trade practices under N.C.Gen.Stat. § 75–1.1. The debtors seek to have this adversary proceeding certified as a class action to avoid Sears' revolving account liens on property owned by chapter 7 debtors in North Carolina who filed petitions after March 27, 1992 or who received discharges after March 29, 1992.

## CERTIFICATION

■ The Court will certify a class comprised of chapter 7 debtors whose cases are pending in the bankruptcy courts of the Eastern and Middle Districts of North Carolina on the date of certification. To be included in the class each debtor must have a Sears revolving charge account governed by NCRISA that includes a balance, as of each debtor's petition date, which represents the credit purchases of at least two items of personal property on which Sears retains security interests.

The Court will consider whether or not the liens should be avoided due to Sears' alleged failure to comply with NCRISA. The Court will also consider whether Sears should be enjoined from violating NCRISA in the future and whether Sears has violated North Carolina's deceptive trade practice law. The Court will determine whether Sears has violated the automatic stay or discharge injunction with respect to Mr. and Mrs. Coggins, but not, however, with respect to each debtor in the class. If the property subject to a Sears' security interest is not exempt or has not been abandoned, the debtor's chapter 7 trustee shall be a member of the class.

## DISCUSSION

Fed.R.Bankr.P. 7023 provides that Fed. R.Civ.P. 23 is applicable in proceedings in bankruptcy. Rule 23 authorizes a class action, but only if stringent prerequisites are met. To be certifiable as a class action under Rule 23, the class must meet all four requirements of Rule 23(a) and at least one of the prerequisites of Rule 23(b).

Rule 23(a) provides that:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the represen-

---

1. *In re Edge,* (Bankr.E.D.N.C. No. 91–05055–8–ATS March 27, 1992); *In re Vandeusen,* 147 B.R. 9 (Bankr.E.D.N.C.1992).

tative parties will fairly and adequately protect the interests of the class.

The class certified by the Court in this proceeding meets all of the requirements of Rule 23(a).

■ The prerequisite that the class is so numerous that joinder of all members is impracticable does not require that joinder be impossible. 3B J. Moore, *Moore's Federal Practice* ¶ 25.05[3], at 23–151 (2d ed. 1993). In this case the plaintiffs will represent a class that includes all chapter 7 debtors in the Eastern and Middle Districts of North Carolina who have Sears revolving consumer credit accounts securing at least two prebankruptcy liens. In 1992 there were 5,509 consumer chapter 7 cases filed in North Carolina.[2] At the hearing on March 10, the plaintiffs proffered evidence that one bankruptcy attorney in the Eastern District of North Carolina had 167 active chapter 7 cases pending, of which 98 debtors had Sears revolving charge accounts. Sears does not seriously contest the fact that the described class satisfies the numerosity requirement of Rule 23(a)(1).

■ The class also satisfies the second prerequisite of Rule 23(a), that there be common questions of law or fact. Rule 23(a)(2) does not mandate an absolute identity of facts among class members, only that there be significant common questions. *In re Watts*, 76 B.R. 390, 398 (Bankr.E.D.Pa.1987). A variety of factual patterns is permissible. *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975); *Senter v. General Motors Corp.*, 532 F.2d 511, 524 (6th. Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Cohen v. Uniroyal, Inc.*, 77 F.R.D. 685, 691 (E.D.Pa.1977).

Here the common fact is Sears' practice of applying payments received on revolving charge accounts on a "first in—first out" basis; the common issue of law is the effect of NCRISA. The circumstances of each debtor's purchases will be different, but the method of payment allocation and the application of NCRISA is sufficient to meet the common question of law and common question of fact requirements.

■ The common question prerequisite, however, is not met regarding the debtors' claim that Sears has violated the automatic stay or discharge injunction with respect to each member of the class. Sears' collection activity would be different for each chapter 7 debtor and the court will not authorize a class action for that portion of the plaintiffs' complaint.

■ The third requirement of Rule 23(a) is that the plaintiff's claim be typical of that of the class. The plaintiff's claim need not be identical to the claims of the class. It is sufficient that the plaintiff's claim be based on the same legal theory and arose from the same practice or course of conduct. *Watts*, 76 B.R. at 399; *Santiago v. City of Philadelphia*, 72 F.R.D. 619, 624 (E.D.Pa.1976); *In re Livaditis*, 132 B.R. 897, 901 (Bankr.N.D.Ill.1991). In this proceeding the Coggins made two prepetition credit purchases on their Sears revolving charge account, and Sears applied the payments made on the Coggins account on a "first in—first out" basis in violation, according to the plaintiffs, of NCRISA. Those facts are typical of the facts that are common to the class, and the requirement of Rule 23(a)(3) is satisfied.

■ The final requirement of Rule 23(a) is that the parties will fairly and adequately protect the interests of the class. Adequacy of representation depends on whether the plaintiffs' attorney is qualified and experienced enough to conduct the proposed litigation and whether the plaintiffs have an interest consistent with the interests of the class. *Watts*, 76 B.R. at 400; *Wetzel v. Liberty Mutual Insurance Company*, 508 F.2d 239 (3rd Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Counsel for the plaintiffs represented the debtors in *In re Vandeusen*, 147 B.R. 9 (Bankr.E.D.N.C.1992), affirmed, 155 B.R. 358 (E.D.N.C.1993) and in *In re Edge* (Bankr.E.D.N.C. No. 91–05055–8–ATS March 27, 1992) and is entire-

---

**2.** 2,585 in the Eastern District, 1,253 in the Middle District, and 1,671 in the Western District.

Source: Administrative Office of the United States Courts.

ly familiar with the underlying causes of action in this adversary proceeding. Plaintiffs' counsel has practiced before this Court for many years and has the knowledge and skill necessary to prosecute this proceeding and to adequately represent the class. The interests of the plaintiffs, as the named representatives, are identical to the other members of the class and the requirement of Rule 23(a)(4) is satisfied.

■ Having determined that the class meets the conditions of Rule 23(a), the Court must now turn to the prerequisites of 23(b).

Rule 23(b) provides:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of

the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■ A class action may be justified under Rule 23(b)(1)(A) if the prosecution of separate actions would create the risk of inconsistent adjudication which would establish incompatible standards of conduct for the party opposing the class. It is not only possible that the issues raised in this proceeding could be litigated in different forums, but conflicting opinions already exist. In fact, after the hearing on March 10, the bankruptcy court for the Western District of North Carolina disagreed with the *Vandeusen* decision decided by the bankruptcy court for the Eastern District of North Carolina, and upheld the validity of Sears' revolving account liens. *In re Price,* No. 92–30052 (Bankr.W.D.N.C.1993). Subsequent to the Western District decision in *Price,* the district court for the Eastern District of North Carolina disagreed with *Price* and affirmed the bankruptcy court's decision in *Vandeusen.* 155 B.R. 358 (E.D.N.C.1993).

In view of the existing conflicting views of the Eastern and Western Districts regarding the issue before the court, it would be entirely inappropriate for the class to include debtors in the Western District. That is not so, however, with respect to the Middle District of North Carolina. The court is not aware of any reported decision from the Middle District relating to this issue.[3]

■ The court will not certify the class under Rule 23(b)(1), but a class action can be authorized under Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that a class action may be maintained if declaratory or injunc-

---

**3.** It is interesting to note that the bankruptcy judge who decided the *Vandeusen* issue in the Eastern District was Chief Judge James B. Wolfe, Jr. of the Middle District sitting in the Eastern District by designation.

tive relief is sought. This adversary proceeding seeks a determination that all of the security interests claimed by Sears against property of the debtors, or property of the debtors' estates, is invalid. Furthermore, the debtors' complaint seeks injunctive relief to prevent Sears from violating NCRISA in the future.

The plaintiffs also seek *monetary damages* to redress the Sears' alleged violations of NCRISA and North Carolina's unfair and deceptive trade practices law, but a request for monetary damages does not preclude certification under Rule 23(b)(2). 3B J. Moore *Moore's Federal Practice* ¶ 23.40[4], at 23–278 (2nd Ed. 1993); *Wetzel,* 508 F.2d at 250–251; *In re Whittaker,* 84 B.R. 934, 938 (Bankr.E.D.Pa. 1988).

If Sears routinely violates NCRISA, injunctive relief would be entirely appropriate and the requirements of Rule 23(b)(2) have been satisfied.

The class is also authorized pursuant to Rule 23(b)(3). The common questions of law and fact predominate over any questions affecting individuals in the class. Furthermore, resolution of these common issues in one action is preferable to multiple determinations in numerous proceedings.

### NOTICE

The notice described in Rule 23(c)(2)[4] shall be given to all chapter 7 trustees in the Eastern and Middle Districts of North Carolina. Additionally, notice shall be provided to debtors in the class to the extent they can be identified. Counsel for Sears and counsel for the plaintiffs shall meet to discuss the best method of providing notice and shall report the results of their discussion to the Court within ten days.

**SO ORDERED.**

---

**4.** Rule 23(c)(2) provides:

(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.