**In re KECK, MAHIN & CATE, Debtor.**

**Bankruptcy No. 97 B 38580.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 15, 1999.

Larry Wolfson, David Neff, Christy Campbell, Jenner & Block, Chicago, IL, for Debtor.

Richard H. Fimoff, Robbins, Salomon & Patt, Chicago, IL, Local Counsel for Jerry Krim.

Harvey Greenfield, Laura M. Perrone, Law Firm of Harvey Greenfield, New York City, for Jerry Krim.

Daniel Zazove, Barbakoff, Zazove & Glick, Chicago, IL, for Subordinated Debt Holders Comm.

Matthew Botica, Winston & Strawn, Chicago, IL, for Creditors' Committee.

Richard Friedman, Department of Justice, Office of U.S. Trustee, Chicago, IL, for U.S. Trustee.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

Claimant Jerry Krim ("Krim") filed a class proof of claim on March 4, 1998, seeking $1 billion in · damages for legal malpractice and securities fraud. Krim has amended the proof of claim several times, the most recent, filed May 11, 1999, claiming $1 billion in damages for "[s]ecurities fraud, fraud and breach of fiduciary duty as plead in Civil Action No. H–90–2269 in the U.S. District of Texas, Housten

(sic) Division." [1] Krim seeks to represent a class consisting of persons who purchased equity securities of First City Bancorporation of Texas, Inc., ("First City") from April 19, 1988 through October 30, 1992.

The basis for the claim and the allegations against the Debtor are set forth in the Seventh Amended Class Action Complaint Krim filed in the district court action on October 21, 1997 ("Seventh Amended Complaint"). Krim has moved to certify the class and the Debtor has moved "to strike" the Claims. Both motions address the issue of whether the class should be certified. The Debtors' motion, which will be treated as an objection to Krim's claim, also attacks the merits of the claim.[2] The Court will address both motions jointly.

The Debtor seeks "to strike" the claims and bar class certification on the grounds that 1) the Plaintiffs are barred by principles of collateral estoppel from relitigating whether the class should be certified; 2) even if Plaintiffs are not barred by collateral estoppel, they cannot satisfy the requirements of Fed.R.Civ.P. 23 for class certifications; 3) the Seventh Amended Complaint fails to state a claim against the Debtor; and 4) the claims against the Debtor are barred by the statute of limitations. The Court agrees that Krim is barred by the doctrine of collateral estoppel from seeking class certification and that the proof of claim, which incorporates the Seventh Amended Complaint, does not state a claim upon which relief can be granted. It is therefore unnecessary to consider the other issues.

## BACKGROUND

This is not the first time Krim has sought certification of this class. Krim commenced the district court litigation in Texas on July 16, 1990, against First City, officers and directors of First City and First City's financial advisor. The complaint alleged violations of §§ 10(b), 10(b)–5 and 20 of the Securities Exchange Act of 1934 and §§ 11, 12(2) and 15 of the Securities Act of 1933. The Debtor was not named as a defendant in the original complaint or any of its amendments before the seventh.

During the next several months, Krim voluntarily filed several amended complaints, usually in response to or anticipation of motions to dismiss. Also, on October 1, 1990, the district court entered an agreed pretrial order setting April 8, 1991, as the deadline for joining any new parties.

---

1. On May 27, 1999, Debtor presented a motion to strike the May 11, 1999 Amended Claim. The decision herein applies to all proofs of claim filed by Krim, including the May 11 claim.

2. Under § 502(a) of the bankruptcy code, a claim is "deemed allowed, unless a party in interest ... objects." An objection is treated as a contested matter and governed by the procedures set forth in Bankruptcy Rule 9014 (unless the objection to a claim requests relief specified in Bankruptcy Rule 7001, which is not the case here.) Bankr.Rule 3007. Rule 9014 specifies the applicability of some of the rules of Part VII. Bankruptcy Rule 7012, which generally incorporates Fed.R.Civ.P. 12, is not one of the rules specifically made applicable to contested claims. That makes sense because there is nothing that could be raised by a Rule 12 motion that could not be raised by an objection, and the less formal procedures that apply to contested matters make the distinction between an answer and a motion less important than it is in adversary proceedings.

In response to Krim's claims, however, the Debtor filed a "motion to strike", rather than an objection. A motion to strike is provided for by Fed.R.Civ.P. 12(f), but this motion alleges that the proof of claim fails to state a claim for relief and is barred by the statute of limitations, and therefore would more properly be treated as a Rule 12(b)(6) motion. In any event, as noted above, Rule 12 is not even applicable to this matter.

To cut through the procedural tangle, the Court will simply treat the "motion to strike" as an objection. Moreover, although the Debtor has referred to materials outside the pleadings and the public record in the Texas action on which the claims are based, this matter can and will be decided without reference to those external materials. Therefore, no further procedures will be required.

On March 26, 1991, the district court entered an order denying Krim's motion for class certification stating that "[t]he Court is not convinced that each putative plaintiff was injured, or for that matter was injured by the same conduct." On May 9, 1991, the court denied the plaintiff's motion for reconsideration again finding that "the Court is not convinced that each putative plaintiff was injured, or for that matter was injured by the same conduct." The court explained its ruling as follows:

> Krim, the putative class representative, does not present claims that are typical of all members of the prospective class. Similarly, there may be defenses applicable to Krim which may not be applicable to all class members. Therefore, Krim will not adequately represent the interest of the class. In sum, the Court finds that the requirements of Rule 23 of the Fed.R.Civ.P. have not been satisfied.

The problem with Krim's representation of the class, as found by the district court, was that he did not personally purchase First City stock until after the complaint had been filed.[3] The district court concluded that because he did not purchase stock until after the complaint had been filed, there were possible defenses that could be asserted against Krim, such as defenses to a "fraud on the market" theory and lack of reliance, that would prevent him from adequately representing the interests of the class.

On May 24, 1991, without leave of court, Krim filed a Sixth Amended Complaint naming another class representative, Harold L. Harris. This action was in violation of the pre-trial order setting April 8, 1991, as the deadline for joining new parties and amending the pleadings. See July

29, 1998 Memorandum Opinion and Order at p. 2.

In 1992, the district court litigation was stayed by the filing of an involuntary bankruptcy petition against First City. The claims against First City were settled and discharged in the bankruptcy case. Following that settlement, Plaintiffs proceeded with the district court litigation against the remaining defendants. On October 21, 1997, Krim filed the Seventh Amended Complaint removing First City as a defendant, but adding other defendants, including the Debtor and a former partner of the Debtor, Henry Landan. On January 30, 1998, the defendants filed a joint motion (1) to dismiss the Seventh Amended Complaint under Rule 12(b)(6) for lack of standing; (2) objecting to Krim's motion to add new plaintiffs; and (3) to strike class allegations. Because of the intervening bankruptcy in this case, the Debtor was severed from the district court action on March 10, 1998.

On June 25, 1998, the district court entered an order denying Krim's motion to add new plaintiffs and granting the defendants' motion to strike class allegations stating: "The Court continues to find that the requirements of Rule 23 are not satisfied in this case." Plaintiffs moved for reconsideration of the June 25th Order and on July 29, 1998, the district court issued a Memorandum Opinion and Order setting forth the history of the case and denying the motion for reconsideration.

The district court specifically rejected Krim's attempt to add new plaintiffs to cure the standing defects. The district court concluded that the amended complaint adding new parties was of no effect because it was in direct violation of the pre-trial order. In addition, the court reasoned that "Krim did not have standing at

---

**3.** Krim argued in the district court and continues to argue here that he had purchased First City stock in 1988 before the complaint was filed. The district court found that allegation to be false and instead concluded that "Krim's wife, not Krim purchased shares of First City stock in 1988. Krim now admits that he did not purchase shares of First City stock until July 19, 1990, three days after he filed the lawsuit." July 29, 1998 Memorandum Opinion at p. 7. The discussion below on collateral estoppel applies equally to this factual finding.

the time the original complaint was filed and does not have standing now. Where, as here, a plaintiff does not have standing upon which to base the Court's jurisdiction, he cannot amend to add new plaintiffs to create jurisdiction where none existed previously." July 29th Opinion at p. 6, citing, *Federal Recovery Services, Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995).

## DISCUSSION

### Request for Certification of a Class and Collateral Estoppel

 It is well accepted that class proof of claims are permitted in bankruptcy. *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir.1988); *In re Zenith Laboratories, Inc.*, 104 B.R. 659 (D.N.J. 1989); *In re Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y.1989); *In re Retirement Builders, Inc.*, 96 B.R. 390 (Bankr.S.D.Fla. 1988). It is equally well accepted that collateral estoppel principles apply in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987); *In re Livaditis*, 132 B.R. 897 (Bankr.N.D.Ill. 1991); *In re Lebner*, 197 B.R. 180 (Bankr. D.Mass.1996). Krim faces an insurmountable obstacle here because he has on four prior occasions tried to have the district court certify the same class he wants this court to certify. Under the doctrine of collateral estoppel, Krim is estopped from relitigating the requirements of Rule 23 in this Court.

 The principle of collateral estoppel is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies ..." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). It applies when the following four requirements have been met: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated to final judgment; (3) the determination must have been essential to the final judgment; and, (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Livaditis*, 132 B.R. at 903; *citing Klingman*, 831 F.2d at 1295. See also *Johns v. Rozet*, 141 F.R.D. 211, 214 (D.D.C.1992).

In some cases it is difficult to determine if the issues are the same because the cases involve different legal theories. For instance, a debtor may have been found guilty of assault and battery by a criminal court. A bankruptcy court must then decide if the findings made by the criminal court support a finding of wilful and malicious injury, and therefore nondischargeability, under § 523(a)(6) of the bankruptcy code. Here, on the other hand, both the underlying facts and the legal theories are identical. The legal issues are also identical—whether this class should be certified under Fed.R.Civ.P. 23.[4]

Krim contends that the issue here is different because even if he purchased the stock after the filing of the original complaint, he owned the stock during the period of time when Landan was allegedly defrauding Krim and the class claimants.[5]

4. The introductory paragraph to the Seventh Amended Complaint defines the plaintiffs as the "purchasers and shareholders of First City Bancorporation of Texas, Inc. ('First City') during the period from April 19, 1988 through October 30, 1992." The Motion for Class Certification defines the class as "all persons ... who purchased equity securities of First City Bancorporation of Texas, Inc. ....during the period, April 19, 1988 through October 30, 1992." The classes of claimants are therefore identical.

5. With respect to this issue Krim states: "Finally, and most importantly, with respect to the claims asserted here, there is no question that Krim owned the stock during the time when Landan was participating in a continuing scheme to defraud Krim and the class claimants...." Amended Response at p. 2. The Indictment against Landan (Criminal

The problem with this argument is that the allegations concerning Landan, his role in the continuing fraud, and the criminal conviction were before the district court when it considered the motions to dismiss the Seventh Amended Complaint in 1998. The district court concluded: "Although by the time the second amended complaint was filed, Krim was a 'purchaser,' he has admitted that he purchased the stock with full knowledge of the alleged fraud. As a result, he cannot establish the causation requirement for standing. There can be no fairly traceable connection between Krim's injury in connection with the purchase of his stock and the alleged fraud. One cannot be defrauded when he knows the representations or omissions are fraudulent." July 29th Opinion at p. 8. This Court therefore, concludes that the issues currently before it are the same as those decided in the district court litigation.

The requirements that the issue was actually litigated and the party against whom estoppel is invoked was adequately represented are closely related and are also satisfied here. Class certification was raised by Krim and decided against him four times, twice on original motions and twice on motions for reconsideration. Mr. Greenfield, counsel for Krim here and in the district court litigation, considers himself "a most tenacious litigator" and this Court has no reason to doubt that representation and the conclusion that Mr. Greenfield fully and zealously asserted his clients' arguments in support of certification before the district court.

Finally, the issue must have been essential to the final judgment. Each finding by the district court concerning whether Krim had purchased stock before the complaint was filed, could adequately represent the class, had claims typical of the class, *etc.*, was essential to the final decision to deny certification.[6]

Krim argues that this case is different from the district court litigation and, therefore, collateral estoppel does not apply. If Krim is attempting to argue that because these are different proceedings, collateral estoppel does not apply, Krim does not understand the doctrine; collateral estoppel means that a previously decided issue "cannot be disputed in a *subsequent suit.*" *See Montana,* 440 U.S. at 153, 99 S.Ct. 970.

■■■ Finally, Krim argues that the Debtor cannot assert collateral estoppel because it was severed from the district court lawsuit before the motions to dismiss the Seventh Amended Complaint and strike class allegations were decided. The landmark decision in *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) established that collateral estoppel may be used offensively or defensively by a non-party to the litigation. *See also Innkeepers' Telemanagement and Equipment Corp. v. Hummert Management Group, Inc.,* 841 F.Supp. 241, 246 (N.D.Ill.1993), *citing, Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 349–50, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)("collateral estoppel is appropriate even where the party asserting estoppel was not a party in the previ-

Case No. H–95–271, attached as Appendix C to Krim's Motion for Certification) establishes that this statement is false. All criminal acts of Landan and others associated with First City occurred during the period of late 1988 through June 1990. Krim purchased his stock on July 19, 1990.

**6.** The decision denying certification is currently on appeal. The pendency of an appeal does not preclude the application of collateral estoppel. *Amcast Indus. Corp. v. Detrex Corp.,* 45 F.3d 155, 160 (7th Cir.1995), *cert. denied,*

515 U.S. 1103, 115 S.Ct. 2248, 132 L.Ed.2d 256 (1995). Counsel for Krim attacks the district court's record and suggests that this Court should ignore the district court's decisions. It is not, however, the province of this Court to review a district court's record or decisions. Only the court of appeals may do that. It was entirely inappropriate for counsel to challenge the district court's record and suggest that this Court should disregard his findings and orders entered in the First City litigation.

ous action, as long as party to be estopped was a party in that action.").

In this case, the Debtor is attempting to use collateral estoppel as a defense to Krim's motion for certification. Defensive use by an entity that was not involved in the prior action is allowed because the courts recognize that judicial resources are not well-used by allowing a party to "repeat[ ] litigation of the same issue as long as the supply of unrelated defendants holds out ..." *Parklane Hosiery*, 439 U.S. at 338, 99 S.Ct. 645, *quoting, Blonder-Tongue.*

■ The principal concern with collateral estoppel is ensuring that the litigant being estopped is not deprived of its right to due process. *See Parklane Hosiery*, 439 U.S. at 338, 99 S.Ct. 645. In this case the party being collaterally estopped— Krim—had a full and fair opportunity to litigate these issues in another forum. There is no doubt, given the number of times the standing and certification issues were presented to the district court, that Krim has had his day in court and there will be no due process violation.

Accordingly, this Court concludes that Krim is collaterally estopped from relitigating the class certification issue.

**Failure to State a Claim**

### Malpractice Claims

The Debtor moves to strike Krim's proof of claims to the extent they allege claims for legal malpractice. The Debtor argues that only a client may assert a legal malpractice claim and Krim was never a client. Krim conceded this argument and amended the proof of claim to remove the reference to legal malpractice.

### Securities Fraud

■ The proofs of claim state that they are for, *inter alia,* securities fraud. The Seventh Amended Complaint, however, does not allege, or even attempt to allege, a claim for securities fraud against the Debtor. There are no allegations that the Debtor or Mr. Landan were involved in the promulgation of allegedly fraudulent statements. Mr. Landan is accused only of cheating the corporation, not the shareholders.[7]

Although Krim uses the words "fiduciary duty" with reference to Landan, he alleges no facts from which it could be concluded that Landan owed any duty at all to shareholders. To the contrary, Mr. Landan was merely an attorney for the corporation, not an officer or director, and his wrongful acts did not directly involve the shareholders.

Krim has therefore failed to allege any claim against the Debtor upon which relief could be granted.

■ Finally, on May 11, 1999 Krim amended his proof of claim to add Harold L. Harris as a class representative. The claims bar date in this case was March 31, 1998. Mr. Harris could not have filed a proof of claim on May 11, 1999 because it would have been time-barred. This Court has determined that Krim's claim will be disallowed. Since Krim cannot assert a claim in his own right, he cannot amend to add other parties.

For these reasons, the claims filed by Krim will be disallowed.

---

7. Nor does Krim attempt to allege a derivative action against the Debtor. (There is, for example, no attempt to comply with Fed. R.Civ.P. 23.1.) Moreover, any claim First City had against the Debtor became a part of its bankruptcy estate and is subject to the confirmed plan in that case, which is binding on Krim. 11 U.S.C. § 1141(a).